GEORGE LEEDS, Respondent, *v.* THE METROPOLITAN GAS-LIGHT COMPANY, Appellant.

Where loss of time is claimed as an item of damages from personal injury occasioned by negligence, if plaintiff fails to prove the value of the time lost, or facts on which an estimate of such value can be founded, only nominal damages for that item can be given.

In such an action it was proved that plaintiff was engaged in business at the time of the injury, but had not been able to attend to it since ; it was not shown what his business was, or the value of his time, or any facts as to his occupation, from which the value could be estimated. The court charged that plaintiff, if entitled to a verdict, was " entitled to recover compensation for the time lost." *Held* error, as the jury was left to guess at or speculate upon the value of the lost time, without any basis in that respect for the judgment to rest upon.

(Argued June 23, 1882 ; decided October 10, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made May 27, 1881, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for injuries alleged to have been occasioned by defendant's negligence.

The material facts are stated in the opinion.

*Hamilton Cole* for appellant.    To recover substantial damages, some evidence must be given to the jury upon which they may base their finding, where the subject-matter is, from its nature, capable of such proof.    The value of one's time is capable of such proof, and, therefore, its absence is not excused. (*Mitchell* v. *Hudson R. R. R. Co.*, 2 Hun, 535; Sedgwick on Damages, 28, 44; *N. Y. Dry Dock Co.* v. *McIntosh*, 5 Hill, 290; *Owen* v. *O'Reilly*, 20 Mo. 603; *Brantingham* v. *Fay*, 1 Johns. Cas. 255; *Sienan* v. *Dinsmore*, 3 Daly, 365; *Allen* v. *Suydam*, 20 Wend. 327; *Grant* v. *City of Brooklyn*, 41 Barb. 384; *Curtis* v. *R. & S. R. R. Co.*, 20 id. 282; *McIntyre* v. *N. Y. C. R. R. Co.*, 37 N. Y. 287; *Beisegel* v. *N. Y. C. R. R. Co.*, 40 id. 10; *Walker* v. *Erie R. R. Co.*, 63 Barb. 260, 265; *Wale* v. *Leroy*, 20 How. [U. S.] 34; *Nebraska City* v. *Campbell*, 2 Black [U. S.], 590; *Masterton* v. *Mt. Vernon*, 58 N. Y. 391; *Penn. R. R. Co.* v. *Butler*, 57 Penn. St. 335; *Penn. R. R. Co.* v. *Dale*, 76 id. 47.    Compare *Telley* v. *H. R. R. R. Co.*, 24 N. Y. 471, 481, 482.)    If the judge erred in charging that the plaintiff was entitled to recover for the value of his time, when no value was proved, the judgment must be reversed, no matter how much evidence there may be upon other points to sustain it, for the court cannot estimate how much damage the jury may have awarded for the item of time. (*Sperry* v. *Miller*, 16 N. Y. 407, 413; *Vanderslice* v. *Newton*, 4 id. 130; *Green* v. *Hudson R. R. R. Co.*, 32 Barb. 25, 32; *Blake* v. *Midland R. R. Co.*, 18 A. & E. [N. S.] 93; *Castanos* v. *Ritter*, 3 Duer, 370; *Knight* v. *Egerton*, 7 Exch. 407.)

*Moody B. Smith* for respondent.

FINCH, J.    We think there was error in the mode of submitting to the jury the question of damages.    Whether there was any evidence of negligence on the part of the defendant

company upon which the verdict can rest, has been the principal controversy on the appeal, but need not be decided, since upon the new trial which must result the facts may be entirely different. If the evidence is insufficient now, it is possible that it may be made sufficient then.

The plaintiff was injured by an explosion of gas in the cellar or vault of the house occupied by him, and which had escaped from a break in the defendant's main. The character of his injuries was described by the evidence, and among other things it was proved that he was engaged in business at the time of the injury, but had not been able to attend to business since. It was not shown what his business was, or the value of his time, or any facts as to his occupation from which that value could be estimated. The jury were left to guess or speculate upon this value without any basis for their judgment, so far as loss of time was an element of the damages awarded. The court charged that the plaintiff, if entitled to a verdict, was "entitled to recover compensation for the time lost in consequence of confinement to the house, or in consequence of his disability to labor from the injury sustained." The defendant's counsel excepted to this portion of the charge, assigning as a reason or ground of the exception, that there was no proof in the case of the value of such time. The answer made on behalf of the plaintiff is a criticism on the form of the exception. It is said that "as the defendant's counsel did not ask the court to instruct the jury that there was no evidence of the value of plaintiff's time, the only question here raised is whether the proposition charged is law." It was not necessary to make that request. The court had charged, in a case where no value of lost time had been shown, and no facts on which an estimate of such value could be founded, that compensation for such lost time could be awarded by the jury. The exception was aimed at that precise proposition, and the ground upon which it was claimed to be erroneous was definitely pointed out. The charge, therefore, can only be defended upon two grounds: either, that evidence of the value of the lost time was given, or, if not, that the jury were at liberty to guess at

and speculate upon that value, and estimate it as they pleased.
The first ground we have shown to be untenable, and the
exception consequently requires us to determine the second.
In very numerous actions for negligence, both those where
death had resulted and which were prosecuted under the stat-
ute, and those for injuries not resulting in death, evidence
showing the occupation or business of the injured party and
tending to establish his earning power has been held compe-
tent and material. (*Grant* v. *City of Brooklyn*, 41 Barb.
384; *Masterton* v. *Village of Mount Vernon*, 58 N. Y. 391;
*Beisiegel* v. *N. Y. Central R. R. Co.*, 40 id. 10.)   And that
is so because the element of damages which consists of lost
time is purely a pecuniary loss or injury, and for such only fair
and just compensation must be given, and the jury have no
arbitrary discretion, but must be governed by the weight of
evidence. (*McIntyre* v. *N. Y. Central R. R. Co.*, 37 N. Y.
289.) The rule of recovery is compensation. Where the loss is
pecuniary and is present and actual and can be measured, but no
evidence is given showing its extent, or from which it can be in-
ferred, the jury can allow nominal damages only. (Sedgwick on
Damages, chap. 2, p. 47; *Brantingham* v. *Fay*, 1 Johns. Cas.
264; *N. Y. Dry Dock Co.* v. *McIntosh*, 5 Hill, 290.) In the
present case the jury knew simply that time was lost by reason
of incapacity to labor. They were bound to consider it of some
value, but could not go beyond nominal damages, and give com-
pensation for it upon an arbitrary standard of their own. This
they were permitted to do. Without proof of the extent or char-
acter of the plaintiff's pecuniary loss, they were left to fix it
as they pleased. Among the elements of damage in cases of
injury for negligence, is the cost of the cure, the bills and ex-
penses of medical attendance. Suppose that the bare fact was
shown that the deceased had a doctor, but the length of his
attendance was not given, the amount of his charges not shown,
would it do to permit the jury to give compensation for the
cost of the cure upon their own guess or speculation as to its
amount? For pain and suffering, or injuries to the feelings,
there can be no measure of compensation, save the arbitrary

judgment of a jury. But that is a rule of necessity. Where actual pecuniary damages are sought, some evidence must be given showing their existence and extent. If that is not done the jury cannot indulge in an arbitrary estimate of their own.

The judgment should be reversed, a new trial granted, costs to abide the event.

All concur, except DANFORTH and TRACY, JJ., dissenting, MILLER, J., absent.

Judgment reversed.