WILLIAM H. STOOTHOFF, RESPONDENT, *v.* THE LONG ISLAND RAILROAD COMPANY, APPELLANT.

*ight of town authorities to appoint flagmen at railroad crossings — 1871, chap. 609, sec. 4 — liability of the company for the wages of the flagmen — right of an assignee to enforce the liability — when the company cannot object that there was no proof as to the value of the services.*

ection 4 of chapter 609 of 1871 requires every railway corporation operating a railway by steam power to station flagmen at all places where the railway crosses a public highway on the grade thereof, when required so to do by the supervisor and highway commissioners of the town. In case the company neglects to station flagmen at such crossings the highway commissioners are required to appoint them, and the wages of such flagmen, "not exceeding three dollars per day," are to be recovered from the company in an action brought by the supervisor, or his successor in office, or by such flagman, in any court of this State.

*Held,* that the right of action conferred by the statute upon a flagman so appointed was assignable, and that the assignee might maintain an action against the company thereon.

Upon the trial of an action, brought to recover wages for services rendered by a flagman so appointed, proof of the contract between him and the highway commissioners was offered, but subsequently excluded or withdrawn upon the defendant's objection. No proof of the value of the services rendered was given. In charging the jury the judge said that they could fix the rate of the

daily compensation at any sum, not more than three dollars per day. To this no exception was taken.

*Held,* that the failure of the defendant to except was a waiver of his right to question the finding of the jury as to the value of the services upon the ground that no evidence as to such value had been given. (Pratt, J., dissenting.)

Appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought to recover the value of the services rendered by flagmen, appointed by the commissioners of highways of the town of New Lots to be stationed at places where the line of the defendant's road crossed highways upon the grade, within said town.

Upon the trial the plaintiff was called as a witness and was asked, among other questions, the following: "Did anybody tell you how much a day you were to have? [Objected to by defendant as immaterial.] The Court — Q. Does not the statute fix the amount? Counsel for the defendant said he thought it did not. Counsel for plaintiff said he was not sure whether the statute meant actually to fix three dollars per day as the amount, and it might be safe to recover on *quantum meruit.* Question waived for the present." No proof of the value of the services was subsequently given. When the evidence was closed the defendant moved to dismiss the complaint upon the ground, among others, " that there was no evidence of the value of the services." The motion was denied. The court said, in its charge, " these men are entitled to recover their wages, to use the language of the statute, not exceeding three dollars a day, that is, you cannot allow them more than three dollars a day. * * * You are to determine, as a question of fact, what were the fair wages. You can fix any sum, either the amount named or less than that."

*E. C. Sprague,* for the appellant.

*W. J. Gaynor,* for the respondent.

Dykman, J.:

Section 4 of chapter 609 of the Laws of 1871 reads as follows: " It shall be the duty of every railway corporation operating a

railway by steam power in the county of Kings, to station a flag-man by day, or signal-man by night, at all places where such railway crosses a public highway on the same grade thereof, whenever so required by the supervisor and highway commissioners or a majority of them, of the town where such crossing is located. And in case of the neglect or refusal of said railway corporation to station a flag-man or signal-man at any crossing within ten days after such requisition, it shall be the duty of such highway commissioners to appoint such flag-man or signal-man ;. and the wages of such flag-man or signal-man so appointed by said commissioners, not exceeding three dollars per day, may be recovered from said railway corporation in an action brought by such supervisor, or his successor in office, or by such flag-man or signal-man, in any court of this State."

Following this law the supervisor and commissioners of highways of the town of New Lots in Kings county served a notice in writing on the defendant requiring it to station flag-men by day and signal-men by night at all places where its railway crosses a public highway in that town, on the same grade as such highway, and designating New Jersey avenue, Vermont avenue, Schenck avenue, Smith avenue, Cypress avenue and Eldert avenue as such highways. The defendant failed to comply with the requirement and the commissioners of highways appointed the plaintiff and three others to serve as flag-men and signal-men at these crossings. They all served six days each, and this action is brought to recover for such service. Two of the men assigned their claims to the plaintiff. The jury has found the value of the services, and if the law is to be executed there seems to be no other manner of doing so. The statute provides for the action in the name of the flag-man or signal-man, and as the claim is for services there is no reason why it may not be assigned. The value of the services was properly left to the jury.

The judgment should be affirmed, with costs.

BARNARD, P. J :

A right of action carries with it the right to assign. The statute gave the right to recover for services rendered, upon the appointment of the highway commissioners, against the defendant upon its neglect to appoint. The only serious question in the case is the failure by the plaintiff to prove the value of the services. The

statute provides that it shall not exceed three dollars per day. The offer to prove a contract was overruled or withdrawn upon the objection of the defendant. The defendant moved for a nonsuit upon the ground that there was no such proof given, but when the judge charged the jury that they could fix the rate of the daily compensation at any sum, not more than three dollars per day, no exception was taken. This was a waiver of the question and the finding concludes the defendant.

In the case of *Leeds* v. *The Metropolitan Gas-Light Company* (90 N. Y., 26) there was an exception to the charge which left the question to the jury to assess the value of time without proof of its value. The judgment should be affirmed, with costs.

PRATT, J., dissented on the ground that " by some oversight there is no proof whatever of value or any contract proved."

Judgment and order denying new trial affirmed, with costs.