Ingraham, J.
The plaintiff on the trial testified that he was in the wholesale wine business for 19 years in Germany and New York. There was no evidence of the value of the business, or value of his time, or the *167 amount of profits that he had made in his business. Nor was there evidence of any fact from which such value or the amount of such profits could be ascertained.
The court charged the jury as follows : “ The amount of damage it is for you to consider. Plaintiff was a man of business. How much his business was worth you have no means of judging. He was in the wine business I think, selling German and other wines and for four years has, as he says, been unable to attend to any business, and it is for you to consider whether his statements are substantiated by his appearance on the stand.”
The defendant then requested the court to charge, “ That there is no evidence in the case from which the jury can find any loss of earnings or receipts from the business suffered by the plaintiff.” The court in response to that request said, “ There is no evidence on that subject. I think I told you all that is before you on that subject.” Defendant’s counsel excepted.
Defendant’s counsel then requested the court to charge: “ No damage can be allowed by the jury from the mere fact that the plaintiff was engaged in the business, which he said he was in, of importing wines for a number of years and has since been unable to carry it on.” To this request the court responded, “ I will not charge that, gentlemen. There is no means of your arriving at any estimate of what his loss from year to year has been.” Defendant’s counsel excepted.
We are of the opinion that the defendant was entitled to have the court charge as requested. Leeds v. The Metropolitan Gas Light Co. (90 N. Y. 29), was an action to recover for a personal injury. It was proved in that case that plaintiff was engaged in business at the time of the injury but had not been able to attend to his business since. The court charged that he was entitled to receive compensation for the time lost in consequence of the confinement to his room or his disability to labor caused by the injury sustained. This was held to be *168 error. The court of appeals said, “ The rule of recovery is compensation. Where the loss is pecuniary and is present and actual, and can be measured, but no evidence is given showing its extent or from which it can be inferred, the jury can allow nominal damages only. . . .For pain and suffering or injury to the feelings, there can be no measure of compensation save the arbitrary judgment of the jury. But that is a rule of necessity. Where actual pecuniary damages are sought, some evidence must be given showing their existence and extent. If that is not done the jury cannot indulge in an arbitrary estimate of their own.”
There was no evidence in this case showing the existence or extent of any damage done to plaintiff’s business, and the jury was not authorized to guess or speculate as to the amount of damages sustained.
The court having charged that there was no evidence from which the jury could find any loss, and having refused to charge that no damage could be allowed from the mere fact that plaintiff was engaged in business and has since the accident been unable to carry it on, the jury would be authorized to infer that although there was no evidence from which they could find any loss, yet they could give damages therefor.
This request to charge was in accordance with the rule as laid down in Leeds v. The Metropolitan Gas Light Co. (supra). The verdict was a large one, and although the injury sustained was very serious, we cannot say but that such refusal to charge influenced the jury in the amount of their verdict.
The other serious questions presented are not considered by me ; one of them however, is considered and decided by my associates. On a new trial the facts proved may be different and the questions that now appear on the record may not be presented.
The judgment and order must be reversed and a new trial ordered, with costs to abide the event.
*169 By the Court.—Sedgwick, Ch. J., and Freedman, J.
We agree with Judge Ingraham, and are of the further opinion that it was erroneous to refuse to charge as requested, “ that the jury are not hound to accept as true the testimony of any expert witness, even if he testified that an alleged result has followed with reasonable certainty from the accident.” *174 to contradict the record by proving a name different from that which is contained in the record. There are exceptions to this rule, as in Berber v. Ketzinger (23. Ills. 346), where the defendant had changed her name after the recovery of the judgment; or as in Stevalie v. Reed (2 Wash. Circt. Ct. Rep. 274), where the defendant had appeared under a wrong name in the original judgment and had joined issue, and where the complaint founded upon the foreign judgment alleged that fact.