REMMAR STAAL, Respondent, v. THE GRAND STREET AND
NEWTOWN RAILROAD COMPANY, Appellant.

*Court of Appeals, October 11, 1887.*

*Damages. Future pecuniary loss.*—In an action to recover for personal
injuries caused by defendant's negligence, no damages for future
pecuniary loss can be awarded, unless there is some proof of the
party's circumstances and condition in life, earning power, skill
and capacity.

Appeal from a judgment of the general term, affirming a
judgment entered upon the verdict in favor of plaintiff, and
from an order denying a motion for a new trial made on
the judge's minutes.

*Albert G. McDonald,* for appellant.

*A. Simis, Jr.,* for respondent.

EARL, J.—The plaintiff brought this action to recover
damages for the injuries which he claimed to have sus-
tained while alighting from one of the defendant's cars in
which he was a passenger, and he recovered a judgment
which has been affirmed at the general term.

This appeal brings to our attention only exceptions to the
charge of the trial judge relating to the damages which
the jury might award. That portion of the charge and the
exceptions thereto are as follows: That the plaintiff " is
entitled to recover, as damages in this action, compensa-
tion: *First,* for the pain and suffering that he has encoun-
tered; *second,* as this injury is to some extent, at least, per-
manent, he is entitled to compensation for the results,
which will flow in the future from this injury; that is, for
any suffering and inconvenience he will have in life result-
ing from this injury, and for pecuniary loss on account of

the injury caused by the diminution in his ability to earn a livelihood. This is no hard rule to be laid down to you in this case. You must say, under all the circumstances considering what pain he has suffered, what his loss has been, in his circumstances in life, the chances of what money he would make, and his age, considering the injury and the results of that injury, what would be a fair compensation. All that is left to the good sense of the jury."

The counsel for the defendant then excepted " to that part of your honor's charge in which you say that the jury may allow him his pecuniary losses resulting from his disabilities owing to this accident," and he requested the judge to charge that " the jury should take into consideration the great age of the plaintiff as affecting future continuance of life."

The judge replied: " I charge that; and I will say further, that in this case there 'is no proof of loss shown by what his income was up to that time. What the court therefore told you as to pecuniary losses was in connection with the future." To that defendant's counsel excepted, and requested the judge to charge that the jury could not " make further allowance to the plaintiff for expenses of treatment or care for the past or future."

In reference to the request, the judge said: " I charge that for the past. For future expenses the jury have a right to consider the expenses of this injury, if they find this renders the plaintiff to any extent helpless, and also to consider to what expenditures to make him comfortable he will have to go ;" and to that defendant's counsel excepted.

This is the entire charge relating to the damages, and that it may be appreciated, it must be stated that immediately after the injury, the plaintiff was taken to a charity hospital, where he remained about three months; that he then went to another charity hospital, where he remained several months, and that he then went to the county alms-

house, where he remained until the time of the trial, not having at any time been subjected to any personal expenses. There was proof that the plaintiff was a fresco painter, and that for some time before his injuries he had been employed by a person who was engaged in the business of painting.

No special damages and no pecuniary losses, past or future, were alleged in the complaint. There was no proof whatever as to the plaintiff's circumstances in life, except that before the injury his "general health was very good." There was no proof touching his age, habits, capacity, ability to work, skill in his trade, his wages or his earnings, or the compensation he was able to earn, or his chances of getting work. There was not even any proof that he had earned or that he was able to earn a livelihood.

The judge, recognizing the rule laid down in Leeds *v.* The Metropolitan Gas Light Co. (90 N. Y. 26), finally charged that the proof did not authorize the jury to award any damages for inability to work and earn wages prior to the trial. But he charged that they could allow such damages for the future—that is, that they could take into account, as a distinct item of damages, the plaintiff's pecuniary loss " on account of the injury caused by the diminution in his ability to earn a livelihood," and " the chances of what money he would make " but for the injury.

This charge was clearly in conflict with the rule laid down in the case cited. In that case we held that where loss of time is claimed as an item of damages in such a case as this, if plaintiff fails to prove the value of the time lost, or facts on which an estimate of such value can be founded, only nominal damages for that item can be given. There it was proved that the plaintiff was engaged in business at the time of the injury, and that he had not been able to attend to his business since, but it was not shown what his business was, or the value of his time, or any facts as to his occupation from which the value could be esti-

mated. The court charged that the plaintiff, if entitled to a verdict, was " entitled to recover compensation for the time lost in consequence of confinement to the house, or in consequence of his disability to labor; from the injury sustained." The charge was held to be erroneous, as the jury was left to guess at or speculate upon the value of the lost time without any basis in that respect for their judgment to rest upon. It is true that the charge there related to past loss. But if a jury cannot, without any adequate basis, guess or speculate in such an action as to the pecuniary loss suffered by the plaintiff before the trial, we can perceive no reason for not applying the same rule to future pecuniary loss. Before damages for future pecuniary loss can be awarded, there should be some proof such as a party can always give of his circumstances and condition in life, his earning power, skill and capacity. So much is left to the arbitrary judgment of jurors in this class of cases that the rule which requires such proof of pecuniary loss should not be relaxed.

The judgment should, therefore, be reversed and a new trial granted, costs to abide event.

All concur, except RUGER, Ch. J., and DANFORTH, J., dissenting.