(13 Misc. Rep. 17.)

### CANTOR v. TATTERSALL'S OF NEW YORK, Limited.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

1. DAMAGES—BREACH OF CONTRACT—EVIDENCE.
    To authorize a recovery, beyond nominal damages, for a breach of contract, there must be evidence of plaintiff's actual loss.
2. NEW TRIAL—SUBMISSION OF CASE TO JURY.
    A new trial will be awarded when the case was so submitted to the jury that they might find a verdict on a cause of action which had been abandoned by the plaintiff and withdrawn by the court.

(Syllabus by the Court.)

Appeal from trial term.

Action by Joseph Cantor against Tattersall's of New York, Limited, for conversion. Judgment was entered in favor of plaintiff, and defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

A. W. Gleason, for appellant.

Samuel Ashton, for respondent.

PRYOR, J. It is impossible to uphold this judgment. The complaint exhibits a cause of action for the conversion of a horse, and a cause of action for damages from a breach of contract in its sale. Although, in the beginning of the trial, the court denied defendant's motion to compel an election between the causes of action, yet upon the close of the evidence the plaintiff voluntarily chose to stand upon the breach of contract as the sole ground of recovery, and the court directed the jury accordingly. The contract alleged was an agreement by defendant to sell plaintiff's horse by electric light, instead of in the daytime. The horse was sold by daylight; and, assuming that the

contract was to sell at night, here was an obvious breach.   But what were the damages?   Evidently the loss to plaintiff by reason of the mistimed sale; in other words, the less price for the horse because of the sale by day.   The only proof of damage is the general evidence that horses bring better prices on a sale by electric light than in the daytime; but how much more is nowhere indicated in the case.   The verdict finds the loss to plaintiff to be $230.   This was mere guess work.   We search the record in vain for a scintilla of evidence showing a loss in this sum because of the sale by daylight. A verdict for $20, or for the $5,000 in the ad damnum clause, would stand equally well on the proof.   Juries are not at liberty to mulct defendants upon speculation.   Approximate evidence, at the least, is requisite to sustain a recovery beyond nominal damages.   Again, despite defendant's objection, and subject to exception, the plaintiff was allowed to prove the value of the horse's use while retained by the defendant; thus incorporating in the recovery compensation for the detention of the horse.   But no cause of action for such recovery was alleged, and indemnity for detention is not the recompense for the wrongful sale.   Still further, although plaintiff had abandoned the claim for conversion, and the court so ruled, yet, yielding to the request of counsel, the learned trial judge more than once submitted instructions which authorized the jury to find damages for conversion.   For example:   "If the jury shall believe from the evidence that the defendant failed to return the horse or pay his value after the demand therefor by the plaintiff, then it would be liable in damages."   Thus, not only is the judgment infected with positive error, but it rests upon a verdict which cannot be otherwise than the result of a misconception of the issues by the jury.   We are clear that justice requires another trial of the cause.   New trial ordered, costs to abide the event.   All concur.