trucks received from him under the contract of March 25, 1893, or should have permitted his note and the judgment thereon to stand for $5,175, the maximum value of said property as found by the trial court.

The judgment appealed from should be modified in accordance with the views expressed in this opinion, and as so modified should be affirmed, without costs of the appeal.   All concur.

---

(21 App. Div. 47.)

RECTOR, ETC., OF CHURCH OF THE HOLY APOSTLES OF CITY OF NEW YORK v. NEW YORK EL. R. CO. et al.

(Supreme Court, Appellate Division, Second Department.   October 5, 1897.)

1. EMINENT DOMAIN—DAMAGES—NOISE.
    While the noise caused by the operation of an elevated railroad cannot be considered in ascertaining the fee damages to the property of an abutting owner, nor can compensation be awarded therefor, yet, until the owner's property rights are acquired by the railroad company, the latter, in relation to such owner, is a trespasser on the street, and liable to respond for all damages caused, including injury or damage from noise.

2. SAME—ACTION BY ABUTTING OWNER.
    Upon the question of the right to maintain an action for damages to the property of an abutting owner, resulting from the noise caused by the operation of an elevated railroad, the fact that such owner is a corporation is immaterial.

3. SAME—RIGHTS OF RELIGIOUS CORPORATION.
    In such an action, plaintiff cannot be denied compensation for the invasion of its property rights on the ground that it is a religious corporation, and so not organized or maintained for the purpose of pecuniary profit or gain.

4. SAME—DAMAGES.
    The fact that in such a case it is difficult to ascertain accurately the damages done by disturbing religious services held in the church does not preclude the plaintiff from a recovery.

Appeal from special term.

Action by the rector, churchwardens, and vestrymen of the Church of the Holy Apostles of the City of New York against the New York Elevated Railroad Company and the Manhattan Railway Company. From a judgment in favor of defendants dismissing the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

James B. Ludlow, for appellant.

Brainard Tolles, for respondents.

CULLEN, J.   This is the usual abutter's action in equity for past and fee damages. The plaintiff is a religious corporation. Its property, the subject-matter of this suit, is a plot of land at the corner of Twenty-Eighth street and Ninth avenue, in the city of New York, on which it has erected and now occupies a church edifice.   The evidence on the trial established that the interference with the easement of light, air, and access to the premises had been comparatively slight, but that the noise from the running of the trains had been

a serious annoyance, and had greatly disturbed and interrupted the services held in the church. The trial court decided that the plaintiff had suffered no damage, and dismissed the complaint.

While the noise caused by the operation of the defendant's railroad' could not be considered in ascertaining the fee damages, nor could compensation be awarded therefor (American Bank-Note Co. v. New York El. R. Co., 129 N. Y. 252, 29 N. E. 302), until the plaintiff's property rights were acquired, the defendant, in relation to the plaintiff, was a trespasser on the street and liable to respond for all damages caused, including injury or damage from noise (Kane v. Railroad Co., 125 N. Y. 164, 26 N. E. 278). There can be no question on the evidence that the noise seriously interrupted and interfered with the religious exercises carried on in the church. The learned trial court has not found to the contrary. It did find as follows:

"The plaintiff is a corporation. Whatever inconvenience the defendant's railway has caused has not been to it as distinguished from its agents, employés, or members of its congregation." "No loss of profits has been caused in the past to plaintiff in the management and carrying on of its business by reason of any acts of defendant."

From these findings clearly appears the theory on which the decision of the trial court proceeded,—that, first, because the plaintiff was a corporation, and, second, because its property was not used for pecuniary profit, plaintiff was not entitled to recover. We believe that neither proposition is correct.

It is claimed that the doctrine of the first proposition is justified by the decisions of the late superior court of the city of New York. Those cited to us seem to give countenance to the claim. We can readily appreciate that distinction can be drawn, whether well or ill founded, between the rule of damage in cases where the owner occupies the property and that applicable where the property is rented out; between a case where the owner with his family occupies the premises as a dwelling and a case where the premises are occupied for business purposes; between a case where the premises are used for pecuniary gain and where they are used for religious, educational, or charitable purposes. But we are at a loss to perceive how even a plausible distinction can be drawn between the case of ownership by a private person and that by a corporation. If vicarious annoyance or imputable discomfort is to be the subject of compensation, why may not the rule obtain in case of the corporation as well as in that of the individual? Injury to its person the corporation cannot suffer, but that might be equally true of a private owner. He might have been in Europe the whole period, and have never entered the premises, his business there being conducted by agents.

In answer to the finding that the plaintiff has suffered no loss of profits in its business, the learned counsel for the plaintiff (possibly seriously) urges that the evidence established that, since the construction of defendant's railroad, the wealthier members of the congregation had left the church, and their places been filled by persons in less affluent circumstances. This does not help the plaintiff unless there is a presumption of law that the liberality of the members of the congregation is proportionate to their wealth. If this were a

proper subject of inquiry, I have a notion that it would have been more to the point to have shown that the collection or pew rents had fallen off. But the fact found by the court in this finding did not preclude the plaintiff from recovering damages. The position of the plaintiff is not singular. Many properties in both of these cities are owned and occupied by religious, educational, scientific, or charitable corporations, and used for what I may term the "personal purposes" of such corporations. These corporations are not organized nor maintained for the purpose of pecuniary profit or gain. The act of a trespasser may seriously affect and injure the enjoyment and use of the premises occupied by such corporations. The wrong done is not to the person of the corporation, but to its property; and we see no reason why it should be denied compensation for invasion of its property rights more than in the case of any other owner. The authorities do not sustain such a doctrine. Baltimore & P. R. Co. v. Fifth Baptist Church, 108 U. S. 317, 2 Sup. Ct. 719, is an express authority to the contrary. In American Primitive Methodist Soc. v. Brooklyn El. R. R., 46 Hun, 530, a verdict for damages to a church was upheld. It may be that it is difficult to ascertain accurately the damages done by disturbing religious services held in church. This is the misfortune of the trespasser, and not that of the owner. Leeds v. Gaslight Co., 90 N. Y. 26, is an authority for this proposition only: that where the damage is pecuniary, and can be measured, evidence of its extent must be given. The recovery in the Baptist Church Case, cited from the supreme court, was obtained on testimony similar to that given in this case. In the case of American Bank-Note Co. v. New York El. R. Co., supra, the trial court fixed the fee damage at $50,000, and awarded $1,000 of that sum as damage from noise. The court of appeals, having held that damage from noise could not be allowed, merely reduced the recovery by the sum allowed for that cause. It is plain that in that case the injury from noise was not susceptible of mathematical determination, nor established as a distinct element by expert testimony. There should be no more difficulty in making a reasonable award to the plaintiff for such injury than there was in the case cited.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.