NATHAN METZ, Respondent, *v.* METROPOLITAN STREET RAILWAY COMPANY, Appellant.

*Negligence — charge that a jury might determine " the probable physical earnings" of an injured person — it is improper where there is no proof in respect thereto.*

In an action brought to recover damages for personal injuries sustained by the plaintiff, it appeared that the plaintiff was a commission merchant and importer, but no evidence was given tending to show what were the actual profits of the business or that the plaintiff's inability to attend to his business had caused him any loss.

The court charged: " You have the right also to award to him compensation for his loss of earning capacity and power. And upon that I say to you that the evidence of any proof as to his loss of possible profit was excluded. A man who is engaged in business and who depends upon his profits as his means of support is also liable to incur losses, so that it is impracticable in estimating damages for a man's loss of physical power to say whether he would during the year after the accident or in the second year, or in the third year, have had a good balance sheet on the right side at the end of the year or not, it being so speculative that sort of evidence was excluded. But he has told you what he was doing, what line of business he was engaged in, and you have seen him upon the stand, heard him tell his age, that he was sixty-three years of age at that time, and he is sixty-six now, and you have a right to say, first, how long was he incapaciated from attending to his business, not only of that character, but of any other business which a man of intelligence and experience could probably devote himself to, and what were the probable physical earnings of a man engaged in that line of business, excluding from your mind all the possible chances of contingent profits, or contingent or experimental opportunities to earn more money at one time than another."

*Held,* that the charge was erroneous in that it permitted the jury to speculate concerning the amount of the plaintiff's earnings, although there was no evidence upon that subject.

APPEAL by the defendant, the Metropolitan Street Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 17th day of June, 1902, upon the verdict of a jury for $7,500, and also from an order entered in said clerk's office on the 19th day of June, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Charles F. Brown*, for the appellant.

*Otto Horwitz*, for the respondent.

INGRAHAM, J. :

The action was to recover for personal injuries. The plaintiff was a commission merchant and importer, sixty-six years of age. He testified that he represented manufacturers in Europe, taking orders for them, and also purchasing goods on his own account from foreign manufacturers, importing them and subsequently reselling them; that his cash capital invested in his business was about $5,500; that at the time of the accident, Saturday, June 10, 1899, he was going home from his place of business in an open cable car on the defendant's road; that he was seated on the first seat in the car, with his back to the motorman; that just before he got to the corner of Fifty-third street and Seventh avenue, where the cars go into Fifty-third street from Seventh avenue, at the request of a fellow-passenger he got up to close a window in the front partition of the car; that as he resumed his seat he felt a fearful shock and was thrown out, and from that moment he has no recollection of what subsequently happened until he regained consciousness in his own house, about two months after the accident. He further testified that during his disability, as a result of these injuries, he had lost an agency for selling two classes of goods; but there is no evidence to show the profits from this business. Pauline Emanuel, a passenger on the car, called by the plaintiff, testified that she saw the plaintiff get up and close the window, and that just after he resumed his seat the car went around the curve " with a most terrific rate of speed," and she saw the plaintiff thrown from the car; that just before the car reached the curve at Fifty-third street it

increased in speed; that as the car struck the curve the plaintiff "flew up into the air and then down with a most terrific thud, striking on the stone pavement at 53d Street and Seventh Avenue." A sister of this witness, also a passenger on the car, testified that just as the plaintiff resumed his seat the car "flew around the corner and the man flew out;" that the plaintiff seemed to fly through the air, at least five feet in the air; that as the car went around this curve it went twice as fast as a steam car; that a steam car goes about thirty-five miles an hour, and that this car seemed to go seventy miles an hour.

It was proved on behalf of the defendant that this was a cable car, the power being communicated by a cable under the track.

In his charge to the jury the learned judge instructed them upon the question of damages, as follows: "You have the right also to award to him compensation for his loss of earning capacity and power. And upon that I say to you that the evidence of any proof as to his loss of possible profit was excluded. A man who is engaged in business and who depends upon his profits as his means of support is also liable to incur losses, so that it is impracticable in estimating damages for a man's loss of physical power to say whether he would during the year after the accident or in the second year, or in the third year, have had a good balance sheet on the right side at the end of the year or not, it being so speculative that sort of evidence was excluded. But he has told you what he was doing, what line of business he was engaged in, and you have seen him upon the stand, heard him tell his age, that he was sixty-three years of age at that time, and he is sixty-six now, and you have a right to say, first, how long was he incapacitated from attending to his business, not only of that character, but of any other business which a man of intelligence and experience could probably devote himself to, and what were the probable physical earnings of a man engaged in that line of business, excluding from your mind all the possible chances of contingent profits, or contingent or experimental opportunities to earn more money at one time than another." To this counsel for the defendant excepted, stating: "I except to that portion of your Honor's charge in which you say that if the jury find a verdict at all for the plaintiff they are entitled to include compensation for loss of personal earnings, all you say

under that head, especially where you say, 'But he has told you of his line of business and so forth, you can estimate his probable personal earnings,' and all you say under that head." .The jury found a verdict for the plaintiff for $7,500, and from the judgment entered upon that verdict the defendant appeals.

I think this instruction to the jury was error which requires a reversal of the judgment. There is no evidence as to the plaintiff's earnings, but the jury were told that they had a right to award him compensation for his loss of earning capacity and power; that, having been told what line of business the plaintiff was engaged in, they had a right to say, *first,* " how long was he incapacitated from attending to his business, not only of that character " which the plaintiff had specified, " but of any other business which a man of intelligence and experience could probably devote himself to, and what were the probable physical earnings of a man engaged in that line of business, excluding from your mind all the possible chances of contingent profits, or contingent or experimental opportunities to earn more money at one time than another."

Here the jury were allowed, in the absence of any evidence, to speculate upon the probable earnings of the plaintiff engaged in the line of business which he had described to them, when the court had excluded testimony to show what were the actual profits of the business in which he was engaged. This was authorizing the jury to award the plaintiff compensation for his loss in the business that he was engaged in, without any evidence to show what the profits of his business were, and without proof of any facts which would form a basis for a finding that the plaintiff's inability to attend to his business had caused him any loss.

In *Leeds* v. *Metropolitan Gas-Light Co.* (90 N. Y. 26) the trial court charged the jury that the plaintiff, if entitled to a verdict, was entitled to recover compensation for the time lost in consequence of confinement to the house, or in consequence of his disability to labor from the injury sustained, and the Court of Appeals, in reversing a judgment in that case, said: " The charge, therefore, can only be defended upon two grounds: Either, that evidence of the value of the lost time was given, or, if not, that the jury were at liberty to guess at and speculate upon that value and estimate it as they pleased. The first ground we have shown to be untenable,

and the exception consequently requires us to determine the second;" and it was held that the second ground was equally untenable. In discussing this question the court say: "The rule of recovery is compensation. Where the loss is pecuniary and is present and actual and can be measured, but no evidence is given showing its extent or from which it can be inferred, the jury can allow nominal damages only. * * * In the present case the jury knew simply that time was lost by reason of incapacity to labor. They were bound to consider it of some value, but could not go beyond nominal damages, and give compensation for it upon an arbitrary standard of their own. This they were permitted to do. Without proof of the extent or character of the plaintiff's pecuniary loss, they were left to fix it as they pleased. * * * Where actual pecuniary damages are sought, some evidence must be given showing their existence and extent. If that is not done the jury cannot indulge in an arbitrary estimate of their own." This case was followed in *Baker* v. *M. R. R. Co.* (118 N. Y. 537), and has never, so far as we know, been questioned.

In this case the jury were given to understand that they were justified, in considering the amount of damages to which the plaintiff was entitled, to determine what were the probable physical earnings of a man engaged in the line of business in which the plaintiff was engaged, excluding the possible chances of contingent profits, or contingent or experimental opportunities to earn more at one time than another. In the absence of proof of what the plaintiff had earned from his business, there was no fact to justify the jury in making him an award for his "probable physical earnings." Nor should the jury be allowed to speculate as to what a man of his capacity would earn in the business that he was engaged in, or any other business, and make him an award to compensate him for the loss of such problematical or speculative earnings. In view of the size of this verdict, we cannot say that the jury did not include in their finding as to the damages that the plaintiff had sustained what they estimated he, or a man engaged in that line of business, would have made had he not been incapacitated by the injuries that he had sustained, and we are constrained, therefore, to order a new trial.

It follows that the judgment and order appealed from should be

reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and HATCH, JJ., concurred.

Judgment and order reversed and new trial ordered, costs to appellant to abide event.