CAMPARETTI v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. CARRIERS—INJURIES TO PASSENGERS—DAMAGES—LOSS OF TIME—EVIDENCE —INSTRUCTION.

Where, in an action against a carrier for injuries sustained by a passenger, there was no evidei·.·e as to his earning capacity, it was error to instruct that the jury might award plaintiff whatever sum they saw fit for loss of earnings during the time he was· absent from his work because of the injuries complained of.

Appeal from Municipal Court of New York.

Action by Salvatore Camparetti against the Union Railway Company of New York City. From a·judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

John R. Halsey, for appellant.
Willoughby B. Dobbs, for respondent.

HIRSCHBERG, P. J. This appeal presents but one question for review, viz., the accuracy of the charge of the court to the effect that the jury might award to the plaintiff whatever sum they saw fit to allow him for loss of earnings during the time he was absent from his work because of the personal injuries complained of. He was injured while a passenger on one of the defendant's cars, on December 8, 1903, and he alleged in his complaint that by reason of such injury he was "entirely incapacitated from attending to any business whatsoever for a period of several weeks." A bill of particulars was afterwards filed by him, stating the nature of his injuries, and a further bill was also·filed in reference to his loss of earnings, stating that "plaintiff is a stone and brick mason, and earns $4 a day. He was totally incapacitated for a period of about three weeks and a half after the accident, being confined to his room."

No evidence was given on the trial of the amount of the plaintiff's wages or earnings. There was proof that his doctor's bill amounted to $20. The court charged the jury as follows:

"The maximum that you may find, if you do find for the plaintiff, will be $249, made up in his claim and bill of particulars, of three weeks and a half at $4 a day as stone mason, and $20 which the doctor says he has charged for services for something like 12 or 13 visits. The balance would represent the suffering as much as you say you think he was entitled to under the circumstances, provided you find for the plaintiff."

The defendant excepted to the charge as to the $4 a day, whereupon the court charged that:

"In reference to earning $4 a day that he was detained from his work, I think he testified, as a stone mason, 22 days, and, the amount of the salary not being stated, you may allow him what you think is right and fair, and an honest compensation to him for being kept from his work."

Exception was taken to this, and the court then said:

"I will not charge that if the attorney for the defendant objects, inasmuch as there seems to be a difference of opinion whether or not there was any

testimony given as to how much the plaintiff earned at his trade. I will leave that matter to the jury. You may allow him such sum as. you see fit, from the testimony that you have heard, to compensate him for the 22 days away from his work, and a balance of $20 for doctor's fees, and as much as you see fit for his suffering."

This was also excepted to, the defendant insisting that only a nominal allowance could be made for loss of earnings. The verdict of the jury was for $249, the maximum amount stated by the court, including an allowance of $4 per day for the loss of wages. There could be no recovery, however, for this item beyond a nominal sum, in the absence of proof of the amount of the loss. Leeds v. Metropolitan Gas Light Co., 90 N. Y. 26; Staal v. The Grand Street & Newtown R. R. Co., 107 N. Y. 625, 13 N. E. 624; Baker v. M. R. R. Co., 118 N. Y. 537, 23 N. E. 885; Metz v. Metropolitan St. R. R. Co., 82 App. Div. 168, 81 N. Y. Supp. 725.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.