CATHERINE L. KIES, Respondent, *v.* BINGHAMTON RAILWAY COMPANY, Appellant.

Third Department, March 7, 1917.

Negligence — action to recover for personal injuries — effect of failure to object to admission of evidence — earning capacity of plaintiff — evidence raising questions for jury — erroneous charge — earnings of plaintiff as manager of restaurant — verdict founded upon speculation.

It is immaterial whether the complaint in an action to recover for personal injuries was sufficient to justify the admission of evidence that the plaintiff was a married woman and was engaged in business on her own account if no objection was made to such evidence at the trial.

Evidence in such action examined, and *held*, that the alleged negligence of the defendant and plaintiff's contributory negligence were sufficiently established to present questions of fact for the jury.

But where the plaintiff seeks to recover damages for her inability to continue to run a restaurant of which she was owner and manager, there being no proof whatever as to her earnings in such business, it was reversible error to charge in substance that the jury may determine the damages in this respect because the kind of work is a matter within common knowledge. The value of the services of the plaintiff in her business is not a matter of common knowledge, and the finding of the jury in that respect would be pure speculation.

APPEAL by the defendant, Binghamton Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Broome on the 9th day of October, 1916, upon the verdict of a jury for $7,000, and also from an order entered in said clerk's office on the 14th day of October, 1916, denying defendant's motion for a new trial made upon the minutes.

*Thomas J. Keenan,* for the appellant.

*H. Fred Lyon* and *Vere H. Multer,* for the respondent.

SEWELL, J.:

This action was commenced to recover damages sustained by the plaintiff from personal injuries received by her and alleged to have been caused by the negligence of the defendant. It is unnecessary to consider whether the allegations of the complaint were sufficient to justify the admission of evidence that

the plaintiff was a married woman and was employed in business on her own account, because no objection was made to it at the trial; and if made, the omission, if any, might there have been supplied by amendment.

. We are also of opinion that the defendant's alleged negligence and the plaintiff's contributory negligence were sufficiently established to present questions of fact to be disposed of by the jury, and that the only point worthy of consideration is whether the court erred in charging that "No value has been given as to her services, yet that does not prevent you from fixing damages for those services because that sort of work is within common knowledge. That is, it doesn't require an expert to tell you what the value of services of the kind, manager of a restaurant, is, such as she has described. They are rather simple, gentlemen, so whatever she is entitled to, if she is entitled to damages, she is entitled to compensation for all the damages she has sustained, or which you find that she will sustain reasonably in the future from the evidence that you have here."

The court had said to the jury: "If you reach the question of damages you may take into consideration the age and the occupation of this woman. She was engaged in a gainful occupation. That is, a married woman having a separate estate, therefore, what damages she has suffered she is entitled to. * * *. She was before this accident engaged in running a boarding-house, doing cooking and some other work of that kind. Since this accident she claims she has been unable to engage in any work."

The proof showed that at the time of the accident, and for four or five months previously, she was the owner of a restaurant; that from forty to sixty people, employees of the Endicott-Johnson Shoe Company, came there every day; that she did not employ any help in the restaurant; that she did the cooking and her son and daughter assisted in serving the meals; that she paid all the bills, and that because of the accident she had not been able to do any work in the restaurant and never went back to it and that she had to let it go. No evidence was given or offered tending to show the receipts or the expenses of her business, the value of her time or what she was earning

from her business.   There was not a word of evidence tending to show what she had earned at any time in her life prior to the accident or what she could have earned from her business or from fixed wages or salary in the future except for the injuries which she had sustained.   There was, therefore, no data from which the amount she was actually earning by her individual labor or from her business, which depended largely upon her personal services, could be estimated by the jury.

As in the case of *Leeds* v. *Metropolitan Gas Light Co.* (90 N. Y. 28), the jury were left to guess or speculate upon the value of her lost time and to estimate it as they pleased without any basis for their judgment.   We think that the charge of the court in the present case was clearly in conflict with the rule laid down in *Leeds* v. *Metropolitan Gas Light Co.* (*supra*), where it was held that, when loss of time is claimed as an item of damages, if the plaintiff fails to prove the value of the time lost, or facts on which an estimate of such value can be founded, only nominal damages for that item can be given.   The same principle was asserted in *Countryman* v. *Fonda, J. & G. R. R. Co.* (166 N. Y. 201, 208); *Baker* v. *M. R. R. Co.* (118 id. 537); *Staal* v. *Grand Street & N. R. R. Co.* (107 id. 625).

Following these cases, it was held in *Saperstone* v. *Rochester Railway Co.* (25 App. Div. 285) that "the jury had no right to measure damages for loss of time, in the absence of proof of the value of [the plaintiff's] services and his earning capacity." In *Scott* v. *Banks* (44 App. Div. 28) the plaintiff was attended by two physicians.   No evidence was given of the value of their services.   In discussing the charge of the court, that the jury might infer pecuniary loss from the services of the physicians, Barrett, J., stated the principle in the following language:   " It is well settled that where actual pecuniary damages are sought, some evidence must be given showing their existence and extent.   * * *   'To permit the jury to guess at their amount as an element of the total loss, would be to substitute conjecture for proof.'"

In *Camparetti* v. *Union Railway Co.* (95 App. Div. 66) no evidence was given on the trial of the amount of the plaintiff's wages or earnings, and the court, after telling the jury that the plaintiff had testified that he was detained from his work as a

stone mason twenty-two days and that there was no proof of the value of his services, said: "You may allow him such sum as you see fit from the testimony that you have heard to compensate him for the twenty-two days away from his work." It was there held that the plaintiff could not recover beyond a nominal sum in the absence of proof of the amount of the loss.

It is quite apparent that the jurors were not as competent to determine what damages the plaintiff had sustained by reason of the loss of earning capacity, which here included loss of services, loss of time and loss of business, as witnesses residing in the vicinity of the plaintiff who had had personal and practical experience in the same work or business. The value of the services of a cook or the earning capacity of a restauranteur are not matters of common knowledge. On the contrary, the average community knows that there is no more uniformity in the amounts paid cooks or realized by restauranteurs from their business than in the earnings of professional men, mechanics or men engaged in other occupations. The value of any man's time, in reference to his earnings or the profits to be made from his exertions in any kind of business, depends upon his usual receipts and disbursements, and in case of an injury, similar to that inflicted upon the plaintiff, it is obvious that the damages sustained from loss of time cannot be ascertained unless proof is made as to the value of the services, or some evidence is given from which it can be determined with reasonable certainty what he would have earned in his business.

It is clear, from the size of the verdict, that the value of the plaintiff's lost time and the loss of earnings from an interruption of her business, were the important if not the principal elements of the damages awarded.

It follows that the judgment and order should be reversed and a new trial ordered, with costs to abide the event.

All concurred.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.