PETER ROUSSOS, Respondent, *v.* VANGEL CHRISTOFF, Appellant.

Fourth Department, June 29, 1928.

*James L. Brewer* [*Eugene J. Dwyer* of counsel], for the appellant.

*James M. E. O'Grady*, for the respondent.

PER CURIAM. Plaintiff has recovered judgment against the defendant for an alleged breach of an executory contract of sale. The contract and its non-fulfillment are admitted. The defense rests upon the proposition that the failure to consummate the transaction was due to plaintiff's inability to perform the conditions of his contract; that when this became certain the parties by mutual agreement released each other from its obligations. The testimony is quite conflicting but would have warranted a verdict for defendant. It does not become necessary, however, for us to pass upon the question whether the verdict rendered is against the weight of the evidence.

The damages awarded to plaintiff are substantial while the evidence, at the best, warrants only those purely nominal. The learned trial court correctly charged the measure of damages to be the difference between the agreed sale price and the actual value of the property at the time. The selling price was shown by the contract. The value of the property was not shown or attempted to be shown. Neither does the record contain any sufficient description of the stock and fixtures upon which this value may be predicated nor anything concerning the business itself from which the value of its good will, if any, could be reasonably determined. Had plaintiff so desired, he could have shown the reasonable value of all this property, including good will; not having done so, his verdict was necessarily based on speculation and guess work. " Juries are not at liberty to mulct defendants upon speculation. Approximate evidence, at the least, is requisite to sustain a recovery beyond nominal damages." (*Cantor* v. *Tattersalls of New York*, 13 Misc. 17.)

This plaintiff is not required to prove damages to the dollar; he is, however, required to supply some basis of computation. " It is well settled in this jurisdiction that the unliquidated damages recoverable for a breach of contract must be reasonably certain and definite in amount and not speculative or problematical or resting on conjecture." (*Prentiss* v. *Greene*, 193 App. Div. 672, 680; *Witherbee* v. *Meyer*, 155 N. Y. 446; *Kies* v. *Binghamton R. Co.*, 177 App. Div. 242; *von Au* v. *Magenheimer*, 115 id. 84; 126 id. 257; affd., 196 N. Y. 510.)

It follows that the judgment and order appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — HUBBS, P. J., SEARS, CROUCH, TAYLOR and SAWYER, JJ.

Judgment and order reversed on the law and facts and a new trial granted, with costs to appellant to abide the event.