GENEVIEVE BAKER, Respondent, *v.* THE MANHATTAN RAILROAD COMPANY, Appellant.

In an action to recover damages for injuries to plaintiff, a passenger on one of defendant's trains; alleged to have been caused by defendant's negligence, plaintiff's evidence was to the effect that when the train stopped at her station, the guard whose duty it was to open the door of the car and fasten it by a catch provided for the purpose, and to open the gate on the platform, was absent from his post; that plaintiff opened the door, but did not shove it back over the catch, and stood in the doorway waiting for the opening of the gate; that when the guard came and opened the gate, he at the same time gave the signal for the train to start, which it did before she had time to leave the doorway, causing the door to swing to, upon her hand, injuring a finger. *Held*, that the question of defendant's negligence and of contributory negligence on the part of plaintiff were properly submitted to the jury.

Plaintiff was a teacher in a public school, and also a private music teacher. She proved that she was unable to attend her school for six weeks, and for that period lost her salary as teacher; that the injury to her finger rendered it so sensitive that she could not strike the keys of the piano; that in giving music lessons it was necessary for her to play in connection with her instructions. There was no evidence as to the amount of her salary, or of her wages as a music teacher. The court charged, among other things, that "nothing can be allowed specifically for any of these items." Defendant's counsel requested the court to charge that there was no evidence upon which they could give any damages for loss of time 'as a music teacher, or for absence from her position as school teacher. This was refused, except as already charged. *Held*, no error.

Reported below, 22 J. & S. 394.

(Argued January 27, 1890; decided February 25, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made

May 2, 1887, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

The nature of the action and the facts are sufficiently stated in the opinion.

*Brainard Tolles* for appellant. The defendant was not shown to be guilty of any negligence contributing to the injury. (*Morris* v. *N. Y. C. R. R. Co.*, 106 N. Y. 678; *Lafflin* v. *B. & S. W. R. R. Co.*, Id. 136; *Palmer* v. *P. Co.*, 111 id. 488; *Kelly* v. *M. R. Co.*, 112 id. 443; *Kelly* v. *N. Y. & S. B. R. R. Co.*, 109 id. 44; *Wangler* v. *Swift*, 90 id. 45; *M. R. R. Co.* v. *Jackson*, 3 App. Cas. 193; *Cleveland* v. *N. J. S. Co.*, 68 N. Y. 306; *Williams* v. *D., L. & W. R. R. Co.*, 39 Hun, 430; *Lewis* v. *F., etc., R. R. Co.*, 54 Mich. 55; *Henry* v. *S. L., etc., R. R. Co.*, 76 Mo. 288; *Burrows* v. *E. R. Co.*, 63 N. Y. 556; *P. R. R. Co.* v. *Aspell*, 23 Penn. St. 147; *L. S., etc., R. R. Co.* v. *Bangs*, 47 Mich. 470; *Siner* v. *G. W. R. R. Co.*, L. R. [3 Ex. Div.] 154; *Lux* v. *Darlington*, Id. [5 id.] 35; *Wyatt* v. *G. W. R. R. Co.*, 6 B. & S. 709; Patterson on Railways, 21.)

*James M. Hunt* for respondent. The motion to dismiss was properly denied. (*Bartholomew* v. *N. Y. C. & H. R. R. R. Co.*, 102 N. Y. 716; *Keating* v. *N. Y. C. & H. R. R. R. Co.*, 49 id. 673; *Sauter* v. *N. Y. C. & H. R. R. R. Co.*, 66 id. 50; *Lilly* v. *N. Y. C. & H. R. R. Co.*, 107 id. 566, 577; *Stackus* v. *N. Y. C. & H. R. R. R. C* ., 79 id. 464, 466; *Massoth* v. *D. & H. C. Co.*, 64 id. 524, 529; *Dolan* v. *D. & H. C. Co.*, 71 id. 285; *McGrath* v. *N. Y. C. & H. R. R. R. Co.*, 63 id. 525; *Casey* v. *N. Y. C. & H. R. R. R. Co.*, 8 Daly, 220, 223; 78 N. Y. 518; *Wood* v. *N. Y. C. R. R. Co.*, 70 id. 195.) The motion for a non-suit was properly denied. (*Hart* v. *H. R. B. Co.*, 80 N. Y. 622; *Turner* v. *City of Newburgh*, 109 id. 301, 310.) A general objection fails to point out any error in the question put to witnesses. (*Tiemeyer* v. *Turnquist*, 85 N. Y. 516, 523; *Quimby* v.

*Strauss,* 90 id. 664; *N. J. S. B. Co.* v. *Mayor, etc.,* 109 id. 621.) There was no error in the charge. (*Rexter* v. *Starin,* 73 N. Y. 601; *Newall* v. *Bartlett,* 114 id. 399, 405; *Staal* v. *G. S. & N. R. R. Co.,* 107 id. 625, 627; *Masterton* v. *Village of Mt. Vernon,* 58 id. 391, 396; *Curtis* v. *R. & S. R. R. Co.,* 18 id. 542; *Losee* v. *Buchanan,* 51 id. 476, 492; *Caldwell* v. *N. J. S. Co.,* 47 id. 282, 290.)

HAIGHT, J. This action was brought to recover damages for a personal injury. The plaintiff was a teacher in one of the public schools in the city of New York, and was also engaged as a private teacher of music. Her story is, in substance, that on the morning of the 22d of May, 1883, she took a train upon the defendant's road to go to her school; that the place for her to alight was at the Seventy-sixth street station; that after the train had arrived at the station and stopped, she arose from her seat, went to the door, opened it and stood upon the sill of the door in the doorway waiting for the guard to open the gates to the platform, so that she could leave the train; that he was not at that time upon the platform of the car, but soon came running through the forward car in front of her; that he opened the gate and pulled the strap, signaling the train to start at the same instant; that the train did start before she had time to leave the doorway, and, in starting, caused her to pitch forward, and, to prevent herself from falling, she put her hand up by the side of the door; that the motion of the car caused the door to swing to upon one of the fingers of her hand, injuring it.

The testimony of the defendant's witnesses is to the effect that the guard was at his place on the platform as the train drew up to the station; that before arriving at the station, she arose and opened the door on her own accord and stood in the doorway waiting for the train to stop; that as the brakes were applied to stop the train at the station, the door swung to onto her finger. Some criticism has been made in reference to a discrepancy in her testimony, in which she first stated that she stood up and waited until the car started, and then

opened the door herself, and, in the same connection, states that she remained in the doorway until the guard came and pulled the strap and started the car. It is quite evident that in her first expression, she either mis-spoke or was incorrectly reported, for one of the two expressions could not well be true, and, in her subsequent testimony, she makes the question clear, for she distinctly testified that she did not open the door until the car had stopped. But these questions were for the jury. They were submitted under proper instructions by the court, and the finding has been approved by the General Term, and the questions of fact thus raised are not open for further review. Assuming, therefore, that the facts are as testified to by the plaintiff, was the defendant guilty of negligence which contributed to or caused the injury? It is conceded that it was the duty of the guard to be upon the platform of the car when it stops at a station, to open the door and also the gate upon the platform, so as to afford ingress and egress to and from the car. On this occasion, the guard was absent from his post of duty, but it is urged that his absence was not the proximate cause of this injury, but had he been at his post of duty and opened the door and fastened it back, by the catch provided for that purpose, and opened the gate to the platform of the car, the plaintiff could have alighted without injury. This, however, was not all, for at the instant that he did open the gate, he signaled the train to start, before giving her time to alight and whilst she was still standing in the doorway, and by thus starting the train, caused the door to swing to upon her hand. The starting of the train at that instant was the proximate cause of the injury, and, under the circumstances of the case, the verdict of the jury to the effect that the defendant was chargeable with negligence is justified by the plaintiff's evidence. The question as to the plaintiff's contributory negligence, we regard as more serious, but we are inclined to the opinion that it became a question for the determination of the jury. If, in opening the door, she had shoved it back over the catch, the door would not have swung to upon her hand; but if, as she testified, the car had stopped and was standing still

at the time she opened the door, it doubtless would not have injured her had she been given an opportunity to alight from the platform before the train was again put in motion, causing the door to close. She had arrived at the station at which she was to alight; she was not compelled to remain inside of the car and be carried beyond her destination. She but did what nearly every other person would do under like circumstances; finding that the guard was not at his post, opened the door so that she could attract his attention in time to have the gate of the platform open before the train again started.

The court was asked to charge the jury that there was no evidence upon which they could give any damages for the loss of time, as a music teacher, and that there was no evidence that the plaintiff suffered any damages from being absent from her position as a teacher in the public school, and that they could give no damages for such absence. The court refused to charge either of these propositions except as already charged. The court had charged upon this subject as follows: "But the damages to which the plaintiff is entitled, in case she is entitled to recover at all, includes her physical pain and mental suffering, and such general inability to attend to any business as a music teacher, which the evidence with reasonable certainty shows she has sustained. There is no evidence of any specific loss of business or loss of time in her business, and no evidence of any expense or liability in dollars and cents, incurred for medical expenses. Hence nothing can be allowed specifically for any of these items." There was evidence to the effect that she was unable to attend her school for six weeks, and that she lost her salary, as such teacher, for that time; that the injury to her finger was of that character as to render it so sensitive that she could not strike the keys of a piano with it, and that in giving music lessons it was necessary for her to play, in connection with her instructions. But there was no evidence as to the amount of the salary paid her as a teacher in the public school, or as to the amount of her wages as a private teacher of music. She was, consequently, entitled to recover nominal damages only for these items. (*Leeds* v.

*Metropolitan Gas Light Co.*, 90 N. Y. 26.) And such was the instruction evidently intended to be given by the trial court, for the attention of the jury was called to the fact that there was no evidence of any specific loss of business or of time, and no evidence of any expense or liability in dollars and cents incurred for medical expenses, and that nothing could be allowed specifically for any of those items. It is true that the word nominal was not used and the word specifically was used, but we think the jury correctly understood the court and was not misled by the use of that word. But, again, the requests to charge were too broad. They were to the effect that the jury could not give *any* damage. This would exclude the right to recover nominal damages. Consequently the exceptions taken to the refusal to charge these propositions are unavailing.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.