ANNIE COLWELL, RESPONDENT, v. THE MANHATTAN RAILWAY COMPANY, APPELLANT.

*Negligence — passenger injured on an elevated railroad — wages paid to a nurse, when evidence of the value of the services rendered.*

In an action brought to recover damages resulting from an accident to a passenger upon an elevated railway in the city of New York, it appeared that as the train approached the station at which the passenger proposed to leave it, the train-man, who had charge of the gates, got up and opened the door of the car, and held it open, whereupon the passenger arose and reached the sill of the door just as the car stopped. The stoppage of the car jarred the passenger, who seized the door-frame and at the same time the brakeman let go of the door which slammed upon her fingers.

*Held,* that there was sufficient evidence of negligence on the part of the railway company to take the case to the jury; that it is not negligence for a passenger in an elevated railway car to leave her seat and go towards the door, which at the time is held open by one of the trainmen as the car approaches the station.

The passenger testified that after the accident she employed a nurse, who remained with her some six weeks, and to whom she paid $100.

*Held,* that the price actually paid for personal services in this case might be considered as some evidence of the value of the work performed, and was competent proof to warrant the jury in considering the item in an assessment of damages.

APPEAL by the defendant, the Manhattan Railway Company, from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 27th day of February, 1889, after a trial at the New York Circuit, at which a verdict was rendered in favor of the plaintiff for $500; and also from an order denying the defendant's motion to set aside the verdict and for a new trial, entered in the office of the clerk of said county on the 28th day of February, 1889.

*Henry D. Sedgwick, Jr.,* for the appellant.

*William B. Ellison,* for the respondent.

Bartlett, J.:

It seems to me there is no difficulty in sustaining the plaintiff's right to recover in this action.    The facts to which she testified and the inferences which may legitimately be drawn from them make out a case of negligence on the part of the defendant.    The plaintiff was a passenger upon one of the defendant's elevated railway trains on the west side of the city of New York.    She entered the cars at the Twenty-third street station, intending to go to the station at Fifty-ninth street and Ninth avenue.    As the train came into the latter station the trainman who had charge of the gates got up, opened the door of the car and held it open.    The plaintiff rose to pass out and reached the sill of the door just as the car stopped.    ".It jarred me," she says, " and he let go of the door, which slammed upon my fingers, instantly smashing the three first fingers."    When the door caught her fingers the trainman had just passed behind the plaintiff and was at the time crossing in front of her to open the door of the other car.    She says that the jarring of the door caused her to grasp hold of the side of this door-frame to save herself.

This testimony of the plaintiff was not in any manner controverted. The defendant introduced no evidence whatever upon the trial, but went to the jury upon the proof put in by the plaintiff, contending that it failed to establish any negligence on the part of the trainman in the management of the car door, and that it did affirmatively establish contributory negligence on the part of the plaintiff in getting up and going to the door before the train stopped, and before the guard had called out the name of the station or invited passengers in any manner to leave the train.    The plaintiff recovered a verdict of $500 damages.

There was sufficient evidence of negligence to take the case to the jury.    As the train ran into the station, the trainman opened the door and held it open and the plaintiff got up to pass out.    The trainman had been sitting almost opposite the plaintiff, and the circumstances were such that he must have seen her, and must have been aware that it was her intention and desire to leave the car at that particular station, through the door which he had just opened. If the mechanical appliances of the door were such that, when he let it go, it was liable suddenly to slam shut by reason of the ordinary jarring of the train upon coming to a stop, then it was his duty to

retain his grasp upon it until the plaintiff had safely passed out. Either a door should have been provided which, under ordinary circumstances, would remain stationary after having been opened by the trainman to permit the egress of passengers, or the trainman should have exercised due care to prevent any injury to passengers by a door which he had opened to offer them an exit, and which was under his immediate control at the time. The learned trial judge, therefore, did not go too far in telling the jury that if the facts were substantially as testified to by the plaintiff, then the act of the servant in letting go the door under the circumstances, and not securing it in any way, was a negligent act.

Nor can it be held, as matter of law, that the plaintiff was guilty of contributory negligence. It is not negligent for a passenger in an elevated railway car to leave his seat and go toward a door which, at the time, is held open by one of the train-men as the train approaches the station. There would be serious complaints, indeed, on the part of the elevated railway companies if it were the general practice of passengers to wait to leave their seats until the train came to a full stop. The unnecessary delay would be very detrimental to the business of these railroads. In the brief for the appellant it is said that the guard had not given the plaintiff any invitation to leave the train, and, furthermore, that when she left her seat and went to the door it was open, not being caught back, but swinging on its hinges, so that the danger that when the car stopped the door would swing to was perfectly obvious. But the plaintiff's testimony is not that the door was swinging on its hinges when she got up to pass out, but that it had been opened by the train-man, who held it open. This act was certainly an implied invitation to leave the train, and must have been so understood by the passenger who desired to get out at the station which it was then approaching. As MILLER, J., said, in *Nichols* v. *Sixth Avenue Railroad Company* (38 N. Y., 131), "I am not aware of any rule which demands that a passenger on a railroad car in a city shall wait and remain in his seat after indications have thus been made manifest that the car is about to stop." (See, also, *Wylde* v. *Northern R. R. Co.*, 53 N. Y., 156.) Upon the proof in the case no error was committed in charging the jury that the plaintiff's act in getting up before the train stopped, or before the name of the station was called, was not contributory negligence on her part.

Another question remains to be considered. In order to prove the actual pecuniary loss which she had incurred by reason of the injury, the plaintiff testified that she employed a nurse, who remained with her for six weeks and to whom she paid $100. No other evidence whatever was introduced as to the value of the services of a nurse. The trial judge, in his charge, instructed the jury that, in assessing the plaintiff's damages they were to consider the expense which she had incurred for medical services and in the payment of the nurse, and told them that the nurse's bill was proven at $100. The counsel for the defendant asked the court to charge that the plaintiff could not recover for the nurse's bill of $100, because there was no proof as to what the services were reasonably worth. The court declined to charge as requested, stating as a ground for the refusal, that it had been proved that the amount was paid for six weeks' attendance by the nurse; whereupon an exception was duly taken in behalf of the defendant. I do not think the trial judge erred in refusing to give the instruction thus prayed for. No doubt it is the rule that there can be no recovery for services unless there is some evidence as to their value. In *Leeds* v. *Metropolitan Gas-Light Company* (90 N. Y., 26) and *Kane* v. *Manhattan Railway Company* (3 N. Y. State Rep., 145) the judgments were reversed because, under the instructions given, it seemed probable that damages had been awarded to the plaintiffs on account of loss of time, whereas there was no proof as to the amount of their earnings nor any other evidence by which the value of the time lost could properly be estimated.

In the case at bar, however, there is not the same absolute lack of evidence as to value that there was in those cases. In regard to property the rule is well established that the price therefor is *some* evidence of value. (*Hoffman* v. *Conner*, 76 N. Y., 121.) Similarly, I think, the price actually paid for personal services, such as those of this nurse, may be considered as some evidence of the value of the work performed, and constitutes competent proof sufficient to warrant the jury in considering the item in the assessment of damages.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and BARRETT, J., concurred

Judgment affirmed, with costs.