GUTHMAN v. MANHATTAN RY. CO.

(Supreme Court, Trial Term, New York County.    June, 1898.)

1. CARRIERS—DISCHARGING PASSENGERS—CONTRIBUTORY NEGLIGENCE.
    Plaintiff occupied a seat next the front door of a passenger car.    As the car approached her station, the guard called out its name, and closed the door.    Before the train stopped, plaintiff got up, opened the door, leaving it unfastened, and stepped on the platform.    The car stopped with a jerk, as usual, and, to steady herself, she placed her hand on the door jamb. The door flew back, and struck her wrist.    *Held*, that plaintiff was guilty of contributory negligence.

2. SAME.
    Negligence on the part of the servants of a railroad company will not excuse want of care on the part of passengers.

Action by Malvine Guthman against the Manhattan Railway Company to recover $15,000 damages by reason of defendant's negligence. Plaintiff nonsuited.    Motion for a new trial denied.

J. Baptist Marshall, for plaintiff.
Chas. A. Gardiner, for defendant.

McADAM, J.    The plaintiff, a young woman of 24, a music teacher, was a passenger on one of the defendant's downtown trains on February 9, 1894.    She boarded the train at 125th street, and her destination was 53d street.    On entering, she took a seat in the center of the car.    When near 53d street, she changed her seat for one next to the front door of the car.    As the train was approaching the station, the guard opened the door, called out the station, and closed the door again.    Before the train stopped, plaintiff got up,

opened the door, and stepped on the front platform. The car then came to a full stop with a jerk; and, to steady herself, the plaintiff placed her hand on the door jamb, and at the same instant the door flew back, and slammed the plaintiff's wrist, doing the damage complained of. There was no evidence that the manner of stopping the train was unusual, or that it could have been done with greater safety to passengers. The complaint charges that the condition of the door was imperfect, and that the guard was guilty of negligence. There was no proof of defective construction, and none of negligence other than might be inferred from the facts. . Upon the conclusion of the case, plaintiff was nonsuited on the ground that no cause of action had been established, and she now moves for a new trial. It would be difficult to sustain a finding that the plaintiff was free from fault. She was seated near the front of the car, and she might have retained her seat until the train came to a complete standstill. Instead of doing this, she voluntarily opened the door, got upon the platform, and exposed herself to the danger she encountered. The plaintiff knew, when she opened the door and took her position upon the platform, that the car would stop at the 53d street station. It stopped there, as cars usually stop. The slamming of the door, which the plaintiff had left unfastened, was an incident of the stoppage of the car, which might reasonably have been anticipated by the plaintiff, and should have been guarded against by her. Negligence on the part of the guard does not excuse want of care on the part of the plaintiff.

In Colwell v. Railway Co., 57 Hun, 452, 10 N. Y. Supp. 636, it appeared that, as the train approached the station at which the passenger proposed to leave it, the trainman, who had charge of the gates, got up, and opened the door of the car, and held it open; whereupon the passenger arose, and reached the sill of the door just as the car stopped. The stoppage of the car jarred the passenger, who seized the door frame, and at the same time the brakeman let go of the door, which slammed upon her fingers. The court in that case held that as the trainman opened the door, and held it open, he should have retained his grasp until the plaintiff had safely passed from the car; that it was the act of the guard in letting go the door which caused the accident; and on that ground the defendant was held liable for the negligence of its servant. In Baker v. Railroad Co., 118 N. Y. 533, 23 N. E. 885, the plaintiff opened the door of the car, and stood in the doorway; and the guard started the train before she had time to leave the doorway, and this caused the door to swing to upon the plaintiff's hand, injuring her finger. The court held that starting the car without affording the plaintiff an opportunity to get off was a negligent act of the guard, and, such neglect being the proximate cause of the injury, the defendant was liable. Both of these cases are on the border line. Neither goes to the extent of holding liability in a case where a passenger voluntarily places herself in a position of peril, knowing the car is about to come to a complete standstill, and where the accident is caused solely by the jerky movements of the car incidental to its stoppage. The negligence of the trainman and guard which made the defendant liable in those cases is absent here, a

feature which distinguishes them from the salient and controlling facts here. The question may be a close one, but the authorities relied upon by the plaintiff, and before referred to, cannot be regarded as precedents to the extent of holding that there is a liability on the part of the defendant under the peculiar circumstances of this case.

The motion for a new trial must be denied.