METZ v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. April 17, 1903.)

1. STREET RAILWAY—INJURIES TO PASSENGER—MEASURE OF DAMAGES—INSTRUCTION—REVERSIBLE ERROR.

Where in an action for negligent injuries there was no evidence as to plaintiff's earnings from his business as a commission merchant and importer, and no proof of facts on which to base a finding that his inability to attend to his business had caused him any loss, it was reversible error to instruct the jury that, in awarding plaintiff's damages, they were to take into consideration how long he was incapacitated from attending to his business, or any other business a man of intelligence and experience could probably devote himself to, and what were the probable physical earnings of a man in his business.

Appeal from Trial Term, New York County.

Action by Nathan Metz against the Metropolitan Street Railway Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.

Otto Horwitz, for respondent.

INGRAHAM, J. The action was to recover for personal injuries. The plaintiff was a commission merchant and importer, 66 years of age. He testified that he represented manufacturers in Europe, taking orders for them, and also purchasing goods on his own account from foreign manufacturers, importing them, and subsequently reselling them; that his cash capital invested in his business was about $5,500; that at the time of the accident, Saturday, June 10, 1899, he was going home from his place of business in an open cable car on the defendant's road; that he was seated on the first seat in the car, with his back to the motorman; that just before he got to the corner of Fifty-Third street and Seventh avenue, where the cars go into Fifty-Third street from Seventh avenue, at the request of a fellow passenger he got up to close a window in the front partition of the car; that, as he resumed his seat, he felt a fearful shock, and was thrown out; and from that moment he has no recollection of what subsequently happened, until he regained consciousness in his own house, about two months after the accident. He further testified that during his disability, as a result of these injuries, he had lost an agency for selling two classes of goods; but there is no evidence to show the profits from this business. Pauline Emanuel, a passenger on the car, called by the plaintiff, testified that she saw the plaintiff get up and close the window, and that, just after he resumed his seat, the car went around the curve "with a most terrific rate of speed," and she saw the plaintiff thrown from the car; that, just before the car reached the curve at Fifty-Third street, it increased in speed; that, as the car struck the curve, the plaintiff "flew up into the air, and then down with a most terrific thud, striking on the stone pavement at Fifty-Third street and Seventh avenue." A sister of this witness, also a passenger on the car, testified that, just as the plaintiff resumed his seat, the car "flew around the corner, and the man flew out"; that the plaintiff seemed to fly through the air— at least five feet in the air; that, as the car went around this curve, it went twice as fast as a steam car; that a steam car goes about 35 miles an hour, and that this car seemed to go 70 miles an hour.

It was proved on behalf of the defendant that this was a cable car, the power being communicated by a cable under the track.

In his charge to the jury the learned judge instructed them upon the question of damages as follows:

"You have the right, also, to award to him compensation for his loss of earning capacity and power. And upon that I say to you that the evidence of any proof as to his loss of possible profit was excluded. A man who is

engaged in business, and who depends upon his profits as his means of support, is also liable to incur losses, so that it is impracticable, in estimating damages for a man's loss of physical power, to say whether he would during the year after the accident, or in the second year, or in the third year, have had a good balance sheet on the right side at the end of the year or not, it being so speculative that sort of evidence was excluded. But he has told you what he was doing, what line of business he was engaged in; and you have seen him upon the stand, heard him tell his age, that he was sixty-three years of age at that time, and he is sixty-six now; and you have a right to say, first, how long was he incapacitated from attending to his business, not only of that character, but of any other business which a man of intelligence and experience could probably devote himself to, and what were the probable physical earnings of a man engaged in that line of business, excluding from your mind all the possible chances of contingent profits, or contingent or experimental opportunities to earn more money at one time than another."

To this counsel for the defendant excepted, stating:

"I except to that portion of your honor's charge in which you say that, if the jury find a verdict at all for the plaintiff, they are entitled to include compensation for loss of personal earnings—all you say under that head, especially where you say, 'But he has told you of his line of business and so forth, you can estimate his probable personal earnings,' and all you say under that head."

The jury found a verdict for the plaintiff for $7,500, and from the judgment entered upon that verdict the defendant appeals.

I think this instruction to the jury was error which requires a reversal of the judgment. There is no evidence as to the plaintiff's earnings, but the jury were told that they had a right to award him compensation for his loss of earning capacity and power; that, having been told what line of business the plaintiff was engaged in, they had a right to say, first, "how long was he incapacitated from attending to his business, not only of that character," which the plaintiff had specified, "but of any other business which a man of intelligence and experience could probably devote himself to, and what were the probable physical earnings of a man engaged in that line of business, excluding from your mind all the possible chances of contingent profits, or contingent or experimental opportunities to earn more money at one time than another."

Here the jury were allowed, in the absence of any evidence, to speculate upon the probable earnings of the plaintiff engaged in the line of business which he had described to them, when the court had excluded testimony to show what were the actual profits of the business in which he was engaged. This was authorizing the jury to award the plaintiff compensation for his loss in the business that he was engaged in without any evidence to show what the profits of his business were, and without proof of any facts which would form a basis for a finding that the plaintiff's inability to attend to his business had caused him any loss.

In Leeds v. Metropolitan Gaslight Co., 90 N. Y. 26, the trial court charged the jury that the plaintiff, if entitled to a verdict, was entitled to recover compensation for the time lost in consequence of confinement to the house, or in consequence of his disability to labor from the injury sustained; and the Court of Appeals, in reversing a judgment in that case, said: "The charge, therefore, can only be

defended upon two grounds: Either that evidence of the value of the lost time was given, or, if not, that the jury were at liberty to guess at and speculate upon that value and estimate it as they pleased. The first ground we have shown to be untenable, and the exception consequently requires us to determine the second;" and it was held that the second ground was equally untenable. In discussing this question, the court say:

"The rule of recovery is compensation. Where the loss is pecuniary, and is present and actual and can be measured, but no evidence is given showing its extent or from which it can be inferred, the jury can allow nominal damages only. * * * In the present case, the jury knew simply that time was lost by reason of incapacity to labor. They were bound to consider it of some value, but could not go beyond nominal damages, and give compensation for it upon an arbitrary standard of their own. This they were permitted to do. Without proof of the extent or character of the plaintiff's pecuniary loss, they were left to fix it as they pleased. * * * Where actual pecuniary damages are sought, some evidence must be given showing their existence and extent. If that is not done, the jury cannot indulge in an arbitrary estimate of their own."

This case was followed in Baker v. Manhattan Co., 118 N. Y. 537, 23 N. E. 885, and has never, so far as we know, been questioned.

In this case the jury were given to understand that they were justified, in considering the amount of damages to which the plaintiff was entitled, to determine what were the probable physical earnings of a man engaged in the line of business in which the plaintiff was engaged, excluding the possible chances of contingent profits, or contingent or experimental opportunities to earn more at one time than another. In the absence of proof of what the plaintiff had earned from his business, there was no fact to justify the jury in making him an award for his "probable physical earnings." Nor should the jury be allowed to speculate as to what a man of his capacity would earn in the business that he was engaged in, or any other business, and make him an award to compensate him for the loss of such problematical or speculative earnings. In view of the size of this verdict, we cannot say that the jury did not include, in their finding as to the damages that the plaintiff had sustained, what they estimated he, or a man engaged in that line of business, would have made had he not been incapacitated by the injuries that he had sustained; and we are constrained, therefore, to order a new trial.

It follows that the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.