### EGNSTFELD v. CENTRAL CROSSTOWN RY. CO.

(Supreme Court, Appellate Term. June 22, 1903.)

1. **STREET RAILWAY—PASSENGER INJURED BY CLOSING DOOR—NEGLIGENCE.**

Plaintiff boarded a crowded street car, and stood on the platform till some passengers alighted, when the conductor directed him to go inside, saying there was plenty of room. Thereupon he entered, and, the car being still crowded, he pushed his way in sidewise, using his left hand, by placing it against the door jamb, to support himself, and before he had time to avail himself of other means of support, if any could be reached, the conductor went inside, and closed the sliding door on his hand. *Held*, that whether the conductor was negligent was a question of fact, a finding on which for plaintiff would not be disturbed on appeal.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Ernest Egnstfeld against the Central Crosstown Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Edward D. O'Brien, for appellant.
A. J. Barret, for respondent.

FREEDMAN, P. J. There is no conflict of evidence in this case. The action was brought to recover damages for personal injuries alleged to have been sustained by plaintiff on February 9, 1903, while riding on a car of defendant. The plaintiff testified that while the car was on Christopher street, just past Ninth avenue, the conductor told him to step inside. The car was crowded at the time. He stepped inside, at the same time placing his left hand on the door jamb. The conductor followed him, and closed the sliding door, catching one of plaintiff's fingers and breaking it. The only claim made by appellant is that there is no testimony showing negligence on the part of the defendant. The record shows that at the time the plaintiff boarded the car it was crowded, and the plaintiff stood upon the rear platform until the car passed Houston street, at which point some of the passengers had alighted. The conductor then directed the plaintiff to go inside the car, saying "there was plenty of room." The plaintiff thereupon entered the door, and, the car being still crowded, pushed his way in sideways, using his left hand, which he placed against the door jamb, to support himself. He was immediately followed by the conductor, who, with his right hand behind his back, at

once pulled the door shut. The door was a sliding one, and, in clos-ing, it caught the plaintiff's fingers, causing the injuries complained of. It appears that at the time the door was closed the plaintiff had no means of support, other than to rest his hand upon the side of the door, and had not had time to avail himself of other means if it were possible. He entered the inside of the car by the express orders of the conductor, who closely followed him in, and who consequently knew the crowded condition of the car. Whether or not, under the circumstances, the conductor gave the plaintiff sufficient time to get completely inside the car and to reach a place of safety before he closed the door, was a question of fact for the court, in the absence of a jury (Baker v. Manhattan Ry. Co., 118 N. Y. 533, 23 N. E. 885), and his finding should not be disturbed.

Judgment affirmed, with costs. All concur.