CLEVELAND & S. W. TRACTION CO. v. THEODORE D. WARD.

1. FACT THAT PLAINTIFF MARRIED AND A FATHER HAS NO EFFECT ON RECOVERY IN PERSONAL INJURY CASE.

The fact that the plaintiff in a personal injury case is married and the father of living children, has no effect whatever on his right to recover or the amount of the recovery.

2. ERRONEOUS ADMISSION OF EVIDENCE CURED BY CHARGE TO JURY, WHEN.

The error of the trial court in permitting the plaintiff in a personal injury suit to testify that he was a married man and the father of living children, is cured by the court charging the jury that no damages should be allowed because of such facts.

3. WITNESSES MAY TESTIFY THAT BREAK IN CAR WHEEL WAS AN OLD BREAK.

Where one of the grounds of negligence against a traction company is that one of the car wheels of the car in which plaintiff was riding as a passenger at the time it was derailed was cracked and unsound, evidence of witnesses who examined the wheel may testify that the break in the wheel was an old break without going into the details as to its appearance.

4. EVIDENCE THAT CAR WHEEL BUMPED ALONG AS THE CAR RAN COMPETENT, WHEN.

Evidence that one of the car wheels on a traction car bumped along on the rail as the car ran, and that there was a bumping motion of the car, is competent in a personal injury case where one of the grounds of negli-gence is the excessive rate of speed at which the car was run as well as the unsound condition of the wheel.

5. TRACTION COMPANY NOT LIABLE FOR HIDDEN DEFECTS IN CAR WHEELS, WHEN.

Where a traction company, which is not the manufacturer of the car wheels used on its passengers cars, used proper care in the purchase and inspec-tion of such wheels, and purchased the same from a competent and reliable manufacturer, and carefully inspected the wheel which broke the day on which the accident occurred and a reasonable time before plaintiff became a passenger, it is not liable for any hidden or latent defect in the wheel which broke which it could not have discovered and provided against in the exercise of due care and diligence.

6. JURORS NEED NOT BE INSTRUCTED AS TO WHAT THEY ARE PRESUMED TO KNOW.

Jurors need not be instructed in what they are presumed to know, and there is no prejudicial error in refusing an instruction of such character al-though no error would have been committed in giving it. Hence, a request to charge in a personal injury case, wherein it is conceded that plaintiff is entitled to recover for diminished earning capacity, that in arriving at the amount of the damages to be awarded by reason thereof the jury may, in the absence of testimony, use their common knowledge of what men earned who did such work as the testimony shows the plaintiff did, is not improperly refused.

7. WHAT IS AND WHAT IS NOT "PROXIMATE CAUSE."

The term "proximate cause" means that which produced the result or injury, and not that which might naturally be expected to produce the result or injury; but the addition of the clause "or that which might

naturally be expected to produce the result" to the definition above given cannot be said to be prejudicial to the defendant.

8. INSTRUCTION REQUIRING TRACTION COMPANY TO USE HIGHEST DEGREE OF CARE IN INSPECTING CAR WHEELS NOT ERRONEOUS, ETC.

An instruction by the trial court in its general charge that if the defect in one of the car wheels on the car in which plaintiff was riding as a passenger could have been discovered by the defendant by a "most careful and thorough inspection of said wheel, then you would be justified in finding that the defendant was negligent in that particular," is not erroneous in that it places an unreasonable requirement upon the defendant. A fortiori where the defendant traction company conceded in a special request to charge, which the court gave, that it was bound to the highest degree of care and diligence in providing its passenger cars with safe machinery, wheels, etc.

9. VERDICT FOR $4,000 IN FAVOR OF LABORER PERMANENTLY INJURED NOT EXCESSIVE.

A verdict for $4,000 in favor of a laborer, who sometimes worked at farm work, drove team and the like, is not excessive when it appears that he was permanently disabled by the negligent derailment of a traction passenger car in which he was riding as a passenger.

ERROR to Lorain common pleas.

**C. W. Collister** and **E. G. & H. C. Johnson,** for plaintiff in error.
**Skiles, Green & Skiles** and **Lee Stroup,** for defendant in error:

In the case of a passenger who has paid his fare, and the same is accepted by a railroad company, the law exacts the highest degree of care that the passenger be carried safely to his destination. 3 Thompson, Negligence Sec. 2819; *Cin. St. Ry.* v. *Kelsey,* 6 Circ. Dec. 209 (9 R. 170); *Iron Ry.* v. *Mowrey,* 36 Ohio St. 418 [38 Am. Rep. 597]; *Serviss* v. *Stockstill,* 30 Ohio St. 431; *Davis* v. *Guarnieri,* 45 Ohio St. 470 [15 N. E. Rep. 350; 4 Am. St. Rep. 548]; *Northern Ohio Ry.* v. *Rigby,* 69 Ohio St. 184 [68 N. E. Rep. 1046].

**MARVIN, J.**

The case of the Cleveland and South-Western Traction Company against Theodore D. Ward, is a proceeding in error, brought here for the purpose of reversing the judgment of the court of common pleas. The parties here are reversed from what they were in the court of common pleas.

Ward was a passenger on car No. 65, of the traction company, which left Oberlin westerly at a little after 5 o'clock on the evening of February 26, 1903. The car was derailed some distance west from Oberlin, and Ward was injured. A suit was brought by Ward to recover for those injuries. The petition charges that the derailment was caused by the negligence of the railroad company, and that such negligence consisted of two things; that one of the wheels under the car on which Ward was a passenger was cracked and unsound, and that by

Traction Co. v. Ward.

reason thereof it broke, causing the derailment. The other negligence complained of is, that the car was run at an excessive rate of speed, which contributed to the derailment.

The evidence shows that immediately after the accident an examination was made; that the front wheel on the right side of the forward truck was broken off. This wheel was of iron; it had openings in it between the outer rim and the hub, and the iron part of the wheel, bounded by the rim and hub and these openings were spoken of by the witnesses as spokes; one of these spokes was broken off and the rim broken off either side of such spoke so that a considerable section of the rim was entirely broken out.

This may have been the cause or it may have been the result of the derailment.

On the part of the plaintiff below it was urged that it was the immediate cause of this derailment, and was occasioned by the negligence of the company in not having a proper wheel on this truck.

The trial resulted in a verdict and judgment for the plaintiff below, and proper proceedings were had to bring the case here.

One of the exceptions made by the plaintiff in error is, that the plaintiff below was permitted over the objection of the defendant below to answer this question (the plaintiff having first testified as to the fact of his injury, the car being derailed and the like, and that he was fifty-six years of age): "Are you married?" A. "I am." Q. "Children?" Here objection was made by counsel for the defendant. He answered "I have one." An exception was taken to each of these. Objection was not made to the first question, but an exception was taken, so that the plaintiff in error is entitled to have this considered.

Of course the fact of whether this man was married or single could have no bearing whatever on his right to recover, or on the amount which he should be permitted to recover. The fact that he was a father could have no bearing on that whatever.

It is urged, however, on the part of the defendant in error, that though technically these answers would have constituted no part of the plaintiff's case nor in any wise affected his right to recover, they were not prejudicial to the railroad company; that the fact of his being married would have come out, as it did, later on, by his saying he visited at some place with his wife, or perhaps that his wife took care of him in his sickness. Nothing came out about the child. But still, if this was an error, the fact it came out in some other way cannot help it any. But the court in its charge to the jury, at page 320, took away, as we think,

any possible injury that could come or prejudice that could come to the plaintiff in error by the admission of this evidence. The court said:

"If 'the plaintiff's ability to labor and earn money has been impaired by reason of the injuries complained of, that circumstances may be considered; but no damage should be allowed because the plaintiff is married or has a family."

We think with that charge, taking from the jury any consideration as to the family, that there was no prejudice to the plaintiff in error in the ruling on this question.

The first witness introduced was a man by the name of Kearins, who was the motorman on the car which was derailed, car No. 65. He testified as to the accident, and as to the position of things, the car and trucks and the like after the car was derailed and thrown over on its side, and then that he made an examination of the broken wheel, and by the way, he examined it with a lantern for it was dark when this accident occurred, and on page 12 he testified over objection that the break in the spoke was black, showed where it had rubbed together, and was shining. And then further along he was permitted to testify, that it was an old break. Not only was this witness permitted to testify this was an old break, but a number of other witnesses, where objections were made.

It is urged on the part of the plaintiff in error here, that the court erred, as is shown on page 13, by permitting this witness to testify that one of the wheels had a flat side, that is, that the circumference was not a complete circle, or rather the boundary a complete circle; that the circumference did not completely surround a circle, but that it was flat on one side. An examination of the record shows the court took that out, not only at that place but every other place where attention was called to it; no witness was permitted to testify that there was any flatness to any one of the wheels of this car. But he was permitted to testify this was an old break, and as I said, other witnesses were permitted to testify to the same thing. It is said that is error; that the witness should only have been permitted to testify as to how it looked, what its appearance was, and leave it to the jury to say whether it was an old break or not; that testimony related to the break of the spoke and one of the breaks at least in the rim of the wheel, and some of the witnesses, I think Kearins is one, that testified as to the appearance of the break, saying it was an old break, both in the rim and spoke.

We think there was no error in admitting this evidence, any more than there would be in admitting evidence that one appeared to be an elderly man; one could hardly be expected to say how many wrinkles

Traction Co. v. Ward.

there was in the face, how gray his hair was, but the general result; one looks over a man and says that is an elderly man or that is a young man; one looks at a house and is able to say from its looks whether it has been recently painted or has been painted a long time; and it is a matter of common knowledge, the looks of iron which has been broken for a long time, without going into details as to just how it appeared on the surface, on the face. We think it was permissible for witnesses to testify there was an old break in the wheel.

Kearins was permitted to testify and so were other witnesses, that one of the wheels bumped along on the rail as it ran; that there was a bumping motion of the car; several witnesses were permitted to testify to that.

It is urged that that was error, because it is said that that tended to show there was a flat place on the rim of this wheel or on the circumference of this wheel, and no negligence was charged on that account.

We think it was competent to show how this car was running; negligence was charged as to the rapidity with which the car was moving, and the bumping may have borne on that.

But whether or not it would be admissible on that ground, if one of the wheels was bumping along as it ran, it might have a tendency to cause that old break in the wheel to become a new break—or might have a tendency to cause that wheel to break, which is charged was negligently allowed to be on the car. We think it is admissible in the same way it would be admissible to show there was a bend in the road, a sudden bend in the road at the place of the break, no negligence charged and no negligence would exist because of the fact there was a bend in the road; but in describing the situation at the time of the accident, and the fact that the wheel broke.

We think it would be entirely competent to show that there was a bend in the road at that place; as tending to show that the breaking of the wheel was the cause, not the result, of the accident.

Exception is taken to the action of the court in reference to the charge, and requests which were made by the defendant below to charge; but we think that the court gave every one of the requests that should have been given.

The fourth request which was asked was given, and that reads: "While the defendant is bound to exercise the highest degree of care and diligence in providing a car, safe in all its machinery and wheels, yet if the defendant is not a manufacturer of the car wheels which it used under car No. 65, at the time of the injury to plaintiff, and used the

Lorain County.

proper care in the purchase and inspection of the said wheels, and purchased the same from a competent and reliable manufacturer and carefully inspected the wheel which broke, on the day in question, a reasonable time before the plaintiff became a passenger on said car, it is not liable for any injury resulting from any hidden or latent defect in said wheel which it could not have discovered and provided against in the exercise of due care and diligence.''

The ninth request was refused; but we think that every proposition of law, which was proper to be given, which is embodied in the ninth request is covered by the fourth request which was given. The ninth reads:

''If the defendant used proper care in the purchase of the wheel in question, and carefully inspected it before it was used on the day the accident occurred, and such inspection disclosed no defect in said wheel, and said wheel had been purchased from a competent and responsible manufacturer, then the defendant is not liable for an injury occurring to plaintiff from hidden defects in said wheel which it could not and did not discover in the exercise of due care and diligence.''

There was no occasion for the court to repeat what had already been given in the fourth.

Complaint is made that the court did not give the eighth request, which reads:

''That should they find that plaintiff is entitled to a verdict, then in arriving at the amount to be given him, one of the things from which the said amount shall be determined is the sum he earned theretofore; and if there is no testimony as to the sum he had theretofore earned, the jury may in arriving at said amount, use their common knowledge of what men earned who did such work as the testimony shows the plaintiff did.''

The testimony shows that the man was a laborer, he worked sometimes at farm work, and drove team and the like; but no evidence was introduced as to his earning capacity, except as that comes from the common knowledge of what that kind of men earn.

It would have been eminently proper to have given this request, but we think there was no error in refusing it.

One of the cases cited is *Fisher* v. *Jansen*, 128 Ill. 549 [21 N. E. Rep. 598]. Another the case of *Baker* v. *Railway*, 118 N. Y. 533 [23 N. E. Rep. 885]. Baker, the plaintiff, was a young woman, a teacher in the schools and of music. The evidence showed that she was injured, and that she was unable to use her hand on the piano as she had done, and that she was deprived of her income as a teacher in the school for

Traction Co. v. Ward.

some time; but no evidence was introduced tending to show what she earned, either as a teacher of music or as a teacher in the schools. The court of appeals held that nothing should have been allowed, because there was no evidence of what her earning capacity was. But that is not claimed here, this request reads: "then in arriving at the amount to be given him, one of the things from which said amount shall be determined is the sum he earned theretofore."

In the case of *Murray* v. *Railway*, 101 Mo. 236 [13 S. W. Rep. 817], the second clause of the syllabus recites some facts, to wit: that a man was injured and that the women in his family took care of him, nursed him, and no evidence was introduced tending to show what that service was worth; but the court said that it was proper for the jury to consider, just what was asked to be considered here, their knowledge of what such things were worth. But in the opinion the court used this language, page 818: "Jurors may well be presumed to be reasonably familiar with the value of such services," that is the services of these women who nursed the man in their own family, "and they may measure the same by their own knowledge and experience." Although it would have been proper to have given the request, it was not error to refuse it. Jurors need not be instructed in what they are presumed to know.

Complaint is made of the definition of proximate cause given in the charge. The definition complained of is found on page 319 of the bill. The court said: "By the term proximate cause, is meant, that which naturally and probably caused the injury." Perhaps complaint would not be made if the definition had ended here, but this is added, "that is, the cause which leads up to or might naturally be expected to produce the result."

The difficulty with that, and there is a difficulty with it, is, that the court said, that the proximate cause was that cause which might naturally be expected to produce the result. It must have produced the result. It is that cause which did produce the result, the court had before said that, and he says "or that might naturally be expected to produce the result." He limited that a little too much for the defendant; for whether it might naturally be expected to produce the result or not, if it is the cause which did produce the result, then it is the proximate cause. It is that which immediately produced it.

But in any event there was nothing to the prejudice of the defendant below in that definition of proximate cause. If it read, "by the term proximate cause is meant that which naturally and probably caused the injury," then that language "which might naturally be expected to produce the result." would be error; but he says, "it is that

Lorain County.

cause which produced the result," not a thing which does not turn out to be a cause, but might have been; so there was no error in the charge in this regard.

Complaint is also made of this language in the charge:

"If you find that said wheel had been so cracked or broken for some time before the accident, and that said defect was in such a place and of such a nature, that it could have been discovered by the defendant, by a most careful and thorough inspection of said wheel, then you would be justified in finding that the defendant was negligent in that particular."

Now it is said this required more of the defendant than ought to be required. It is conceded that the defendant was bound to use the highest degree of care, both in providing machinery and in conducting the business, that is conceded in the fourth request made by the defendant below, which has already been read. And certainly to make a most thorough inspection is not using a higher degree than the highest degree of care. And the defendant below had requested this to be charged, and the court charged it. "While the defendant is bound to exercise the highest degree of care and diligence in providing a car, safe in all its machinery and wheels," etc. Now it is said it is requiring more than that to require a most rigid inspection. We do not think so. We think it does not require a higher degree than the highest degree.

It is urged the verdict was for too much. The damages allowed was for $4,000. The man is permanently injured; the verdict is not so high as to indicate that the jury was governed by bias or prejudice in allowing that much, and the judgment is affirmed.

**Winch** and **Henry, JJ.,** concur.