## OREGON-WASHINGTON R. & NAV. CO. v. BRANHAM.

(Circuit Court of Appeals, Ninth Circuit. August 4, 1919.)

### No. 3322.

1. BRIDGES ⊜⟝39(5)—UNSAFE CONDITION—LIABILITY OF INDEPENDENT CONTRACTOR.

An independent contractor for repairing a city bridge is liable for an injury to a person crossing the bridge, caused by his negligence in leaving it in an unsafe condition.

2. DAMAGES ⊜⟝163(1)—PERSONAL INJURY—NECESSITY OF PROOF AS TO DAMAGES.

To entitle plaintiff in an action for personal injury to compensatory damages for loss of time, there must be evidence of his earning capacity.

In Error to the District Court of the United States for the Northern Division of the Eastern District of Washington; Frank H. Rudkin, Judge.

Action at law by A. D. Branham against the Oregon-Washington Railroad & Navigation Company. Judgment for plaintiff, and defendant brings error. Reversed.

A. C. Spencer, of Portland, Or., and Hamblen & Gilbert, of Spokane, Wash., for plaintiff in error.

Plummer & Lavin, of Spokane, Wash., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

⊜⟝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

HUNT, Circuit Judge. The defendant in error recovered verdict and judgment for personal injury, and the plaintiff in error asks review.

In Pullman, Wash., the tracks of the plaintiff railroad company cross Kamiaken street at right angles. The Palouse river runs parallel with the railroad company's right of way, and Kamiaken street runs north and south over the river upon a bridge; the end of the bridge being adjacent to the right of way of the railroad company. The bridge had a driveway through the center and sidewalks on either side. The city of Pullman made a contract with the railroad company for the repair of the bridge. The railroad company was prosecuting the work, but before February 4, 1916, temporarily suspended on account of bad weather, and placed a plank walk, which was much used by pedestrians, from the south approach to the bridge, extending northerly to a point where the sidewalk was intact on the north end. The planks were covered with hard snow at the time of the accident to the plaintiff below.

On the evening of the 4th of February, 1916, after dark, Mrs. Branham, in walking to the city, went upon the plank walk to cross the bridge, and had gone a few steps when her foot slipped into a hole or crack, and her ankle joint was fractured. She testified that when she started to walk across there was nothing to indicate that there was any crack between the boards, or any hole to fall into. There was a barrier across the driveway, but there was a conflict as to whether the barrier extended from the end of the driveway and over the walkway far enough to warn pedestrians to keep off the walk. Mrs. Branham testified that she "swung around" the barrier and walked on the planks, and another witness said that the barrier did not make it necessary to get off the sidewalk at all before reaching the planks, and that the openings were left for foot passengers as they had been before, and that the way was commonly used. The court submitted to the jury the question whether or not there was a sufficient barrier to warn the public against the use of the walk, and charged that if there was a sufficient barrier the railroad company would not be responsible.

[1] It is said that the court erred because, under the contract of repair, the duty of keeping the bridge closed to traffic during the period of construction was imposed upon the city of Pullman; but, as it was clear that the railroad company was an independent contractor, it cannot avoid liability for injuries sustained to a third person, where such injuries have been inflicted because of conditions brought about by its negligent action. Hunter v. Montesano, 60 Wash. 489, 111 Pac. 571, Ann. Cas. 1912B, 955, cited by the plaintiff in error, is not applicable, for in that case the evidence conclusively showed that there were sufficient barriers to warn the pedestrians of the danger, and that the injured man knew of the dangerous condition of the street, while here the verdict of the jury is founded upon evidence that there was no barrier sufficient to warn the public not to use the way.

[2] Plaintiff in error contends that the court erred in instructing as follows:

"If you find for the plaintiff, it will be incumbent upon you to insert the amount of her recovery. You will compensate her for any loss which she has sustained through impairment of her earning capacity in the past, although I believe that there is no testimony before you as to what her earning capacity was. These items will make up the amount of your verdict, in the event that you find for the plaintiff."

The ground of the exception was that there was no evidence of what was the earning capacity of Mrs. Branham. No other instruction upon the subject of the measure of damages was given, and the record shows that the court was correct in the belief that there was no testimony before the jury as to what the earning capacity of Mrs. Branham was. The question, therefore, comes to this: There being evidence that plaintiff was a dressmaker at the time of her injury and dependent upon that pursuit as a livelihood, and that because of her injuries she had not been able to carry on her business since her injury, and would not be able to use her foot freely upon a sewing machine for some time to come, was the court in error in submitting to the jury the question of damage to the general impairment of plaintiff's earning capacity? Obviously she was entitled to nominal damages therefor. But as the amount of such damage was susceptible of some proof, and none was produced, the case is brought within the general rule that the amount should not have been left to the conjecture of the jury. In Leeds v. Metropolitan Gas Light Co., 90 N. Y. 26, the Court of Appeals of New York spoke of the element of damage which consisted of lost time as purely a pecuniary loss or injury, and said:

"The rule of recovery is compensation. Where the loss is pecuniary, and is present and actual, and can be measured, but no evidence is given showing its extent, or from which it can be inferred, the jury can allow nominal damages only. * * * Where actual pecuniary damages are sought, some evidence must be given, showing their existence and extent. If that is not done, the jury cannot indulge in an arbitrary estimate of their own."

See Baker v. Manhattan Ry. Co., 118 N. Y. 533, 23 N. E. 885; Sutherland on Damages, § 1248; Joyce on Damages, §§ 227, 228; Sedgwick on Damages, § 171.

The judgment is reversed, and the cause remanded, with directions to grant a new trial.